Reviewed by the Court.

*Decision will be entered under Rule 50.*

## WILLIAM M. HAAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27424. Promulgated July 19, 1951.

*Theodore Rubovits, Esq.*, for the petitioner.
*Paul Levin, Esq.*, for the respondent.

56

OPINION.

Black, *Judge:* Respondent disallowed as a deduction the payments made by petitioner to his former wife under paragraph 1 of their agreement. Petitioner claims the payments are deductible under sec-

tion 23 (u) of the Internal Revenue Code which allows a deduction by the husband of alimony includible under section 22 (k) in the gross income of the wife. Section 22 (k) provides:

SEC. 22. GROSS INCOME.

  *   *   *   *   *   *   *

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. * * *

Petitioner in his brief has stated two contentions of law, his first being that the payments made pursuant to paragraph 1 of the agreement are in fact alimony. With this contention we agree for the term "alimony" embraces alimony in gross just as it embraces periodic payments of alimony. Likewise, the term "alimony" includes payments in settlement of property rights just as the term includes payments for support and maintenance of the former wife [1] 17 Amer. Juris. 464 et seq.; 27 C. J. S. 965 et seq.

Petitioner's second contention is that his payments under the agreement are not severable, that the payments under paragraph 1 must be included with payments under paragraph 2, and, as such, both payments are in their entirety "periodic payments."

The issue in this proceeding involves the definition of "periodic payments" as defined by section 22 (k) of the Code, and also an interpretation of the agreement incident to petitioner's divorce, particularly paragraph 1 of the agreement. We have decided recently two cases involving the definition of "periodic payments," *Ralph Norton*, 16 T. C. 1216, and *Arthur B. Baer*, 16 T. C. 1418, and that phrase from section 22 (k), as we understand it, was defined in detail

---

[1] It is to be noted, however, that not all alimony may be deducted under section 23 (u).

in those cases. Like the petitioner herein, the taxpayers in *Ralph Norton* and *Arthur B. Baer*, both *supra*, had entered into agreements incident to their divorces. In certain respects those agreements were not unlike the agreement entered into by petitioner herein. In both those cases this Court interpreted the agreements, determining that they were severable, i. e., that alimony paid under one portion of the agreement was "periodic payments" and alimony paid under another portion of the agreement was not "periodic payments."

Section 22 (k) of the Code distinguishes between "periodic payments" and "installment payments," the former being includible in the gross income of the wife while the latter is to be included therein only if, among other limitations, paid within a period of more than 10 years. The petitioner's payments of alimony under paragraph 1 of the agreement, we think, are not "periodic payments," but installment payments of a gross sum. Our conclusion involves an interpretation of the agreement between petitioner and his former wife. Alimony payments are provided for under paragraph 1 and paragraph 2 of the agreement. Paragraph 2 provides for the payment of alimony at the rate of one-third of petitioner's adjusted gross income for the last preceding year, and provides the payments are to be in "lieu of alimony." The payments under paragraph 2 were not disallowed by respondent as they were "periodic payments." No such provisions as in "lieu of alimony" were contained in paragraph 1 in which petitioner agreed to pay his former wife the gross sum of $2,244.73 in installments. Petitioner furnished his former wife with a net worth statement, made under oath, which was attached to the agreement. The gross sum of $2,244.73 was so fixed by means of a computation, taking one-third of all property and assets owned by petitioner.

We think the agreement itself is quite clear, and that interpretation of it falls within the ambit of *Ralph Norton* and *Arthur B. Baer*, both *supra*. We are unable to see the soundness of petitioner's contention that the payments provided in paragraphs 1 and 2 of the agreement should be interpreted together as one obligation and should be treated in the entirety as "periodic payments." As the payments of alimony made by petitioner under paragraph 1 of the agreement were not "periodic payments" within the purview of section 22 (k), the respondent did not err in disallowing the deduction claimed by petitioner under section 23 (u).

*Decision will be entered for the respondent.*