JEAN CATTIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26310. Promulgated March 11, 1952.

*Clifford L. Porter, Esq.*, for the petitioner.
*Pershing W. Burgard, Esq.*, for the respondent.

1462

**OPINION.**

HILL, *Judge:* The petition contains allegations that the respondent erred (1) in disallowing the deduction claimed by petitioner for legal expenses in the amount of $1,075, and (2) in disallowing any deduction for the payment of an amount of $6,000 made by the petitioner in 1945 to his divorced wife. Petitioner introduced no evidence, and made no argument on brief, with respect to the disallowance of the deduction for legal expenses, and counsel for petitioner informed the Court at the hearing that petitioner conceded this issue. Accordingly, we hold that the respondent did not err in disallowing the deduction claimed by the petitioner for legal expenses in the amount of $1,075.

The sole remaining issue for our decision concerns the petitioner's right to a deduction for certain payments totaling $6,000 which he

made to his divorced wife in the year 1945 pursuant to paragraph "THIRTEENTH" (set out in our Findings of Fact above) of an agreement which was incident to the divorce decree granted to his wife in the year 1940.

Section 23 (u) of the Internal Revenue Code [1] allows a divorced husband to deduct those payments he makes to his divorced wife which are includible in her gross income under section 22 (k) of the Code. The latter section reads as follows:

SEC. 22. GROSS INCOME.

    \*       \*       \*       \*       \*       \*       \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In case any such periodic payment is less than the amount specified in the decree or written instrument, for the purpose of applying the preceding sentence, such payment, to the extent of such sum payable for such support, shall be considered a payment for such support. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payment for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. For the purposes of the preceding sentence, the portion of a payment of the principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be considered an installment payment for the taxable year in which it is received. (In cases where such periodic payments are attributable to property of an estate or property held in trust, see section 171 (b)).

Included in section 22 (k) above is the provision that of the payments received by the wife from the husband, only those payments which are periodic must be included in her gross income. The Code

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    \*       \*       \*       \*       \*       \*       \*

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. \* \* \*

does not specifically define the term "periodic payment." Accordingly, it must be given its commonly accepted meaning. See our discussion of the term's meaning and its use by Congress in *Ralph Norton*, 16 T. C. 1216, and *Arthur B. Baer*, 16 T. C. 1418. Ordinarily, installment payments would probably be considered periodic payments; however, section 22 (k) specifically provides that installment payments of a principal sum named in the decree of divorce or separate maintenance, or an agreement incident thereto, are not to be considered periodic payments for the purpose of that section, except where the decree or agreement incident thereto provides that the husband is to make payment of the installments in such manner that the payment of the principal sum is to, or may, extend over a period in excess of 10 years. Where such a provision is contained in the decree or agreement incident thereto, there shall be included in the wife's gross income only that portion of the amount of any installment payment or payments made in the taxable year which is not in excess of 10 per cent of the principal sum.

Respondent contends that the payments required by paragraph "THIRTEENTH" of the agreement incident to the divorce (this paragraph is set out in our findings of fact above) are not deductible by the petitioner under section 23 (u) because they were not periodic payments in accordance with section 22 (k). Accordingly, it is the periodic nature of the payments in question which we must decide.

There was introduced in evidence by the petitioner not only the separation agreement dated October 31, 1940, which the parties have stipulated was incident to the divorce decree, but also another earlier agreement dated January 26, 1940. The first agreement in order of time, dated January 26, 1940, was not incident to the divorce decree. The second agreement, dated October 31, 1940, was not in addition to nor an amendment of the first agreement; on the contrary, this second agreement was expressly in lieu of, and superseded, the first. The language contained in paragraphs "EIGHTH" and "THIRTEENTH" of the second agreement in so far as they are pertinent to the issues herein presented contain no ambiguities. Accordingly, in our determination of the issue presented, there is no reason for us to consider, nor purpose in a discussion of, the first agreement.

Paragraph "EIGHTH" of the agreement incident to the divorce decree provides for the payment by the petitioner for his divorced wife's support and maintenance "so long as she shall live or until she shall marry" a minimum amount of $400 per month, with adjustments geared to petitioner's yearly earnings and a ceiling on such payments of $1,250 monthly (except in times of serious inflation).[2] In a separate paragraph, "THIRTEENTH," there is contained a

---

[2] See paragraphs "EIGHTH" and "TENTH" of the agreement, *supra*, set out in our findings of fact.

provision that in the event of the divorced wife's remarriage petitioner was to pay to her the sum of $6,000 in equal quarterly installments of $1,500, with the first installment to be paid within 30 days after she notified him of her remarriage. Paragraph "THIRTEENTH" also contains the provision that after the divorced wife's remarriage petitioner was not thereafter to be liable for the monthly payments provided for in paragraph "EIGHTH," nor was he to be liable for her support or for any other payments except the payment of the sum of $6,000.

In accordance with these provisions of the agreement, when the petitioner's divorced wife remarried in 1945, the petitioner ceased to make the payments required by paragraph "EIGHTH" and paid over to her the $6,000 in accordance with paragraph "THIRTEENTH." We believe the payments required in paragraph "THIRTEENTH" were not, as petitioner contends, merely the terminal payments of a series of payments for support and maintenance of the divorced wife. The agreement plainly states that his liability to pay for her support and maintenance ceased upon her remarriage. The requirement that he was to pay her $6,000 was contained in a separate paragraph from that which required the payments for her support and maintenance, and was a fixed amount payable in four installments, whereas the support payments provided for in paragraph "EIGHTH" were made monthly and varied from $400 to $1,250, depending upon petitioner's yearly income. We believe that the requirement that petitioner pay his wife $6,000 upon her remarriage was the provision for the payment of the principal sum payable on the happening of a certain contingency, her remarriage. There was nothing indefinite as to the amount, it being clearly stated that she was to receive $6,000, nor was there anything indefinite as to the time of payment, the first installment being due within 30 days after he was notified of his divorced wife's remarriage and the remaining installments being due quarterly thereafter. Cf., *William M. Haag*, 17 T. C. 55; *Ralph Norton, supra*, and *Arthur B. Baer, supra*.

Having established that the payment in the amount of $6,000 in installments by the petitioner was the payment of a principal sum of $6,000 fixed by an agreement incident to the divorce decree, we further believe that no part of the installment payments of such principal sum is deductible by the petitioner because such principal sum was not to be paid over a period in excess of 10 years. On the contrary, paragraph "THIRTEENTH," with which the petitioner complied, specifically provided that the total sum of $6,000 was to be paid in four equal installments, the first installment being due within 30 days after he was notified of his divorced wife's remarriage and

the other installments being due quarterly thereafter, in all a period of less than a year.

For the reasons above enumerated, we believe and hold that the payments made by the petitioner in accordance with paragraph "THIRTEENTH" of the agreement incident to the divorce decree were not periodic payments in accordance with section 22 (k) of the Code. Accordingly, we hold that such payments were not deductible by the petitioner in the taxable year 1945.

*Decision will be entered for the respondent.*