EDWARD BARTSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29686.   Promulgated April 9, 1952.

*Edward J. Behrens, Esq.,* for the petitioner.
*Joseph F. Rogers, Esq.,* for the respondent.

#### OPINION.

TIETJENS, *Judge:* Petitioner attacks the determination of deficiencies in income tax in the amounts of $6,712.74 and $7,876.48 for 1946 and 1947, respectively.

Several adjustments are not contested but petitioner assigns error in respondent's disallowance of a deduction of $10,000 in each year claimed as alimony payments under sections 22 (k) and 23 (u) of the Internal Revenue Code.

This case was submitted on a stipulation and exhibits which are adopted as our findings of fact.

Petitioner, a resident of Bronxville, New York, filed income tax returns for 1946 and 1947 with the collector for the first district of New York.

On June 29, 1946, petitioner executed a separation agreement with his then wife Sarah which agreement was executed by Sarah on July 19, 1946. The agreement recited that the parties had no issue; that unfortunate and unhappy differences had arisen as a result of which they had separated; and that they had agreed on the questions of alimony, support, and maintenance of Sarah as well as their respective interests in the property which they formerly held jointly and individually. In so far as is here important the agreement provided:

FIRST. The party of the second part [petitioner] covenants and agrees that he will pay to the party of the first part [Sarah] on the first day of each and every month the sum of Four Hunderd and Fifty ($450.) Dollars, for the support and maintenance of the party of the first part, which said sum shall be paid to the party of the first part by the party of the second part during the lifetime of the party of the first part or until such time as the party of the first part shall re-marry.

SECOND: The party of the second part further covenants and agrees that he will pay to the party of the first part the sum of Forty-five Thousand ($45,000.) Dollars in the manner following:—

Ten Thousand ($10,000.) Dollars in cash on or before September 15th, 1946. Ten Thousand ($10,000) Dollars by a promissory note, which shall be due and payable on September 15th, 1947. Ten Thousand ($10,000.) Dollars by a promissory note which shall be due and payable on September 15th, 1948, and Fifteen Thousand ($15,000.) Dollars by a promissory note which shall be due and payable on September 15th, 1949.

Each of said payments as aforesaid evidenced by promissory notes, payable to the party of the first part and executed by the party of the second part, shall be without interest.

\* \* \* \* \* \* \*

EIGHTH: The respective parties hereto agree that in the event either of the parties shall hereinafter institute an action for divorce against the other the foregoing property settlement and the sums paid and agreed to be paid, received and exchanged as between them shall constitute a complete settlement of all rights of alimony or any other obligation that might have or could have arisen out of or by reason of their marital relationship.

NINTH: The parties hereto mutually agree that in the event an action for divorce shall be at any time instituted by either of the parties hereto against the other, the successful party shall cause the terms of this agreement to be embodied in and become part of the said judgment or final decree of divorce.

This agreement was executed by the parties incident to and in contemplation of divorce. On August 19, 1946, the Circuit Court in and for Union County, Florida, entered a final decree of divorce in an action brought by petitioner against Sarah which decree in pertinent part provided as follows:

ORDERED, ADJUDGED AND DECREED That the division of property between the parties hereto as made pursuant to, and each and every the other terms and provisions of, the separation agreement of the parties hereto bearing date June 29, 1946, providing for separate support or alimony for the defendant, are hereby ratified, confirmed and approved; and it is further

ORDERED, ADJUDGED AND DECREED That, for the purpose of providing alimony for the support and maintenance of the defendant and as provided in said separation agreement, the plaintiff shall pay to the defendant the sum of ten thousand dollars ($10,000.00) on or before September 15, 1947, the sum of ten thousand dollars ($10,000.00) on or before September 15, 1948, and the sum of fifteen thousand dollars ($15,000.00) on or before September 15, 1949, as evidenced by the promissory notes of the plaintiff to the defendant; and for the same purpose and as provided in said separation agreement as amended the plaintiff shall pay to the defendant the sum of five hundred ($500.00) on the first day of each month during the lifetime of the defendant or until she shall re-marry: and for the same purpose and as provided in said separation agreement, the plaintiff shall maintain insurance on his life in the sum of thirty thousand dollars ($30,000) payable to the defendant as beneficiary, with the policy held by an escrow agent as provided by and subject to the terms and upon the conditions set forth in said separation agreement.

DONE, ORDERED AND DECREED in Chambers, at Starke, Bradford County, Florida, this 19th day of August, A. D. 1946.

Theretofore petitioner had drawn on August 12, 1946, a check on the Chase National Bank payable to Sarah in the amount of $10,000. The check was certified, but whether petitioner or Sarah procured the certification is not shown. Neither is it shown when the check was delivered to Sarah. The check was endorsed "For deposit Sarah C. Bartsch." It also bears the following endorsement: "August 19, 1946—Prior endorsement guaranteed—Bank of the Manhattan Co., 161—10 Jamaica Ave., Jamaica, N. Y." The check was honored and paid through the New York Clearing House on August 20, 1946.

On or before the first day of each month, beginning September 1, 1946, and continuing through December 1947, petitioner paid Sarah the sum of $500 in satisfaction of as much of the divorce decree as required payments in that amount on the first day of each month during her lifetime or until she might remarry. These payments totaled $2,000 in 1946 and $6,000 in 1947. Sarah reported these amounts as income from alimony in those years.

Also, during 1947 and previous to September 15 of that year, petitioner paid Sarah the sum of $10,000 which was the amount required to be paid by him on or before that date by the divorce decree.

Neither of the $10,000 payments in 1946 and 1947 was reported as income by Sarah. Petitioner claimed the payments as deductions under sections 22 (k) and 23 (u). This claim was disallowed by respondent and this disallowance results in the controversy here.

Simply put, the issue is whether the $10,000 payments in 1946 and 1947 were "installment" rather than "periodic" payments under sec-

tion 22 (k) of the Internal Revenue Code.[1] If they were "install-ment" payments they are not deductible under section 23 (u)[2] and that is respondent's contention.

We have been cited to no cases exactly in point, but it is clear that if the separation agreement had contained no more than paragraph "SECOND," the $45,000 there specified would have been "the prin-cipal sum" of an obligation within the language of section 22 (k) italicized in the footnote and it is equally clear that the payments which were to be made in discharge of the $45,000 obligation would have been "installment payments." As such they would not be de-ductible under section 23 (u). *Estate of Frank P. Orsatti*, 12 T. C. 188; *Frank R. Casey*, 12 T. C. 224. See also *Ralph Norton*, 16 T. C. 1216.

To meet this, petitioner argues that we must look to the divorce decree as a whole and that if we do, we find a unified plan for the pay-ment of alimony under which it is impossible to ascertain in dollars the total obligation. He argues further that to accept respondent's contention would be to glorify form over substance and points out that the decree "could have provided that the Petitioner pay to his former wife $2,000 for 1946, $16,000 for the year 1947, $16,000 for the year 1948, $21,000 for the year 1949, $6,000 for the year 1950, and $6,000 for every subsequent year until (her) death or remarriage," in which event, "These provisions would not have changed the dollar obligation of the Petitioner in any way but, had the decree been drawn in such fashion, it is doubtful that the Commissioner would ever raise the point."

The answer to this argument is that the parties themselves drew the agreement in such a way that it was not "unified" as suggested on brief. They themselves provided in paragraph FIRST for a continuing series of monthly payments for Sarah's support and main-

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, *periodic pay-ments* \* \* \* received subsequent to such decree in discharge of \* \* \* a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife \* \* \*. *Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection;* except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument \* \* \*. [Emphasis added.]

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(u) ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year.

tenance, payments obviously "periodic" within section 22 (k). Then in paragraph SECOND they specified a lump sum obligation of $45,000 payable as there set out. The plan of payment may have been a single plan, but we do not think that requires us to press the payments under both paragraphs in the same mold when the parties themselves have differentiated them. We see nothing inconsistent in treating the monthly payments under the first paragraph as "periodic" and those under the second paragraph as "installments." The first are deductible and respondent has so treated them. The second are not deductible and respondent was correct in his disallowance.

The divorce decree wrought no change in the tax aspects of the situation. It did no more than carry over into the decree the unfulfilled obligations of petitioner and Sarah under the separation agreement, recognizing that provision for the first $10,000 payment on the $45,000 obligation had already been made.

We hold that respondent's action in respect to the $10,000 payments was proper. See *Jean Cattier*, 17 T. C. 1461. This conclusion makes unnecessary detailed treatment of respondent's contention that petitioner has failed to prove that the first $10,000 payment was "received subsequent" to the divorce decree—a prerequisite to deductibility. The very fact that the divorce decree omits mention of the payment is definite indication that it had already been made. Our doubt is strong that petitioner has carried his burden on this point.

*Decision will be entered for the respondent.*