S. Brad Hunt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 43067. Filed June 14, 1954.

*Don O. Russell, Esq.*, for the petitioner.
*Mark Townsend, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge:* The question involved in this case is whether the petitioner may deduct, under the provisions of section 23(u) [1] of the Internal Revenue Code, the payments which he made to his ex-wife in satisfaction of the terms of a property settlement. It is conceded that the settlement agreement was incident to the divorce of the parties and that the payments made thereunder were in discharge of petitioner's legal obligations arising out of his marital relationship.

Whether or not the payments made by the petitioner are deductible under section 23 (u) is answered by the provisions of correlative sec-

---

[1] SEC. 23. (u). ALIMONY, ETC., PAYMENTS.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

tion 22 (k)[2] of the Code which specifies the instances in which "periodic payments" to a divorced wife shall be reported as income by her. It is the statutory scheme that the husband can deduct under section 23 (u) only the payments which his former wife must include in her gross income under the requirements of section 22 (k).

While the provisions of section 22 (k) require a wife divorced or legally separated from her husband to report as income the "periodic payments" she receives from her husband, the statute qualifies this requirement in providing that "installment payments" discharging a part of an obligation to a former spouse, the principal sum of which is, in terms of money or property, specified in a settlement agreement shall not be considered periodic payments, except where such installments extend over a period of more than 10 years from the date of the agreement.

Petitioner concedes that the payments made by him under paragraph (8) of the agreement on the sum of $15,000 would be "installment payments" in satisfaction of a principal sum if that were the only provision of the agreement. However, paragraph (9) contains an additional provision to become effective after the $15,000 has been paid. Under this provision, the petitioner guarantees his ex-wife an income of $2,400 annually for the remainder of their joint lives. He has committed himself to make up the difference between her income from other sources and this sum as long as both are living.

The petitioner might never have to make any payments under paragraph (9), but he argues that the contingency of payment up to $200 a month under this provision exists, and that contingency makes uncertain and indefinite the amount that he may eventually have to pay under the agreement. And the respondent concedes that if the payments which have been disallowed had been made under paragraph (9) instead of under paragraph (8), the petitioner could deduct them under the provisions of section 23 (u) because they would qualify as periodic payments of an indefinite amount.

---

[2] SEC. 22. GROSS INCOME.

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection ; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument * * *.

The question here is whether the payment provisions of paragraphs (8) and (9) must be considered as a single, unitary plan for discharging petitioner's obligations to his wife, or whether the two formulae for determining the payments for which the petitioner has obligated himself are to be considered separately and perhaps accorded different tax treatment.

We think that the question here is analogous to that in *Edward Bartsch*, 18 T. C. 65, affirmed per curiam (C. A. 2), 203 F. 2d 715, where the parties provided for a series of continuing monthly payments to the wife, so long as she lived or until her remarriage, and also a series of payments in satisfaction of a lump sum which, under the agreement, would be paid off in less than 10 years.

In the above case, the petitioner made the same argument as made here, that is, that the agreement provided a single and over-all plan for providing for his ex-spouse. We said:

The answer to this argument is that the parties themselves drew the agreement in such a way that it was not "unified" as suggested on brief. They themselves provided * * * for a continuing series of monthly payments for Sarah's support and maintenance, payments obviously "periodic" within section 22 (k). Then * * * they specified a lump sum obligation of $45,000 payable as there set out. The plan of payment may have been a single plan, but we do not think that requires us to press the payments under both paragraphs in the same mold when the parties themselves have differentiated them. We see nothing inconsistent in treating the monthly payments under the first paragraph as "periodic" and those under the second paragraph as "installments." The first are deductible and respondent has so treated them. The second are not deductible and respondent was correct in his disallowance.

We think this observation is all the more pertinent where the payments in issue were made under a provision of the settlement agreement which, by itself, would unquestionably not have permitted petitioner to claim a deduction, while in the *Bartsch* case the payments were at least simultaneously made under two different formulae, one of which permitted a deduction and one of which did not.

Similarly, in other cases where a settlement of marital obligations provided for periodic payments which qualified for deduction under section 23 (u) and for installment payments which did not qualify for deduction, we have held that the different provisions should be treated as separate and independent provisions and taxed or deducted according to the terms of the particular provision. *William M. Haag*, 17 T. C. 55; *Jean Cattier*, 17 T. C. 1461; *James M. Fidler*, 20 T. C. 1081, on appeal (C. A. 9).

Following the reasoning of these cases and of the *Bartsch* case, *supra*, we conclude the provisions of paragraphs (8) and (9) of the agreement should be considered as separate provisions for the support and maintenance of the petitioner's ex-wife and that the payments

which were made by the petitioner in 1948 and 1949 under the provisions of paragraph (8) were installment payments of a specified principal sum, payable over a period of less than 10 years, and are not deductible under section 23 (u) of the Internal Revenue Code.

*Decision will be entered under Rule 50.*