WILLIAM M. HARDY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5514–70.    Filed March 29, 1973.

William M. Hardy, pro se.
*Robert E. Casey*, for the respondent.

IRWIN, *Judge:* Respondent determined a deficiency in petitioner's income tax for the taxable year 1967 in the amount of $2,901.52. The only issue remaining to be decided is whether a $5,000 payment made by petitioner in 1967 to his former wife upon her remarriage is deductible as alimony.[1]

---

[1] Based upon evidence submitted to respondent by petitioner subsequent to the issuance of the statutory notice of deficiency, respondent has conceded the correctness of petitioner's deduction of $1,800 representing legal fees incurred in the protection of petitioner's medical practice and certain income-producing properties.

Some of the facts have been stipulated and they are so found.

William M. Hardy (hereinafter sometimes referred to as petitioner) a resident of Santa Ana, Calif., filed his individual income tax return with the district director of internal revenue, Los Angeles, Calif.

Petitioner married Gwenivere C. Hardy on December 21, 1947, Mrs. Hardy instituted divorce proceedings against Dr. Hardy in the Superior Court of the State of California in 1965. In April 1966 the Superior Court granted an interlocutory judgment of divorce. Clause 7 of the interlocutory judgment ordered the following:

Defendant shall pay the plaintiff as and for support, maintenance and alimony of plaintiff the sum of $450.00 per month for a period not to exceed eight (8) years and shall terminate upon the death of plaintiff, her remarriage, real or attempted, the death of defendant, the expiration of the 8 years, or upon order of the court, whichever first occurs. Said support payments to plaintiff shall be payable $225.00 on the 1st and $225.00 on the 15th of each month during the term thereof, commencing May 1, 1966.

Defendant shall pay to plaintiff the sum of $5,000.00, without interest, if plaintiff should remarry in 1966. If plaintiff should remarry in 1967, 1968 or 1969, the defendant shall pay to plaintiff the sum of $3,000.00.

A final judgment of divorce was entered in September 1966. That judgment ordered continuance of the interlocutory alimony provisions.

Gwenivere remarried in December 1966. Petitioner made the required $5,000 payment to her in 1967. During 1967 petitioner made total payments to Gwenivere of $7,215.

Petitioner deducted the full $7,215 as alimony on his 1967 income tax return. The Commissioner in the notice of deficiency disallowed $5,000 of the claimed deduction. The remaining amount, $2,215, represented backpayments, the deductibility of which is not contested.

OPINION

Section 215 [2] allows a deduction to a husband for alimony payments which are includable in his wife's income under section 71. Petitioner construes section 71 to mean that all payments for the support of a former wife are includable in her income. We think, however, that is not a proper interpretation of section 71. That section and its predecessor distinguish between "periodic payments" and "installment payments," the former being includable in the gross income of the wife while the latter is not includable, unless paid over a period of more than 10 years. *William M. Haag*, 17 T.C. 55 (1951).

In *Edward Bartsch*, 18 T.C. 65 (1952), affirmed per curiam 203 F. 2d 715 (C.A. 2, 1953), a husband and wife entered a separation agree-

---

[2] All statutory references are to the Internal Revenue Code of 1954, as amended.

ment providing for monthly payments to the wife for life or until she remarried. The agreement also provided for the payment of $45,000 in four annual payments to the wife. The Circuit Court for Union County, Fla., incorporated the agreement in its decree of divorce, stating that the monthly and annual payments were for the support and maintenance of the wife. We held that the $45,000 was a lump sum and under the predecessors of sections 71 and 215 the annual payments were not deductible. The monthly payments, however, were periodic and deductible. Therefore, for an alimony payment to be deductible under section 215 it is not enough to show that the payment was for support. It must be shown that the payment is either periodic or an installment of a lump sum which will be paid over a period of more than 10 years.

Petitioner also contends that clause 7 of his decree should be viewed as a plan for numerous periodic payments of $450 and one periodic payment of $5,000. Respondent answers that contention by saying that clause 7 contains two separate paragraphs—one paragraph requires periodic payments and the second paragraph requires a lump-sum payment upon the occurrence of a specified event.

In *Bartsch* the petitioner made the same argument as petitioner in the present case. We stated:

The plan of payment may have been a single plan, but we do not think that requires us to press the payments under both paragraphs in the same mold when the parties themselves have differentiated them. We see nothing inconsistent in treating the monthly payments under the first paragraph as "periodic" and those under the second paragraph as "installments." * * * [*Edward Bartsch, supra* at 69.]

Although that case dealt with a lump-sum initial payment, that difference is of no consequence. See *Commissioner* v. *Senter*, 242 F. 2d 400 (C.A. 4, 1957).

The case most like the one before us is *Jean Cattier*, 17 T.C. 1461 (1952). In that case the petitioner was required to pay his former wife a minimum amount of $400 per month so long as she lived or until she remarried. He was further required to pay her $6,000 in four payments within a year after she remarried. The divorced wife subsequently remarried and petitioner paid her the $6,000. We held that petitioner could not deduct that amount because it was a principal sum.

Petitioner seeks to distinguish *Cattier* on the basis that the paragraphs in his decree pertaining to alimony were listed together under one number while in *Cattier* the two paragraphs pertaining to alimony each had a separate number. We think that is a distinction without a difference.

In *Cattier* we reasoned that petitioner's liability to make monthly payments ceased upon the remarriage of his former wife. When the

wife remarried, the petitioner only had an obligation to pay the fixed amount of $6,000. Therefore, the requirement that petitioner pay $6,000 was a provision for the payment of a principal sum upon the happening of a contingency.

We think our reasoning in that case is equally applicable to the case presently before us. The $5,000 payment is separate from the monthly payments and cannot be considered a periodic payment which is merely larger than the others. It is a principal sum. Accordingly, we hold that petitioner was not entitled to deduct the $5,000 payment.

*Decision will be entered under Rule 50.*