Nancy S. WHITE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Robert P. WHITE, Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

Nos. 84–1759, 84–1784.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 16, 1985.

Decided Aug. 15, 1985.

Rehearing and Rehearing En Banc Denied Sept. 24, 1985.

Michael K. Cavanaugh, Keck, MaHin & Cate, Chicago, Ill., Joan I. Oppenheimer, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for petitioner-appellant.

Douglas H. Walter, Bell, Boyd & Lloyd, Chicago, Ill., for petitioner-appellee.

Before WOOD and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

FLAUM, Circuit Judge.

Appellant Nancy White and the Commissioner of Internal Revenue appeal from the Tax Court's decision characterizing certain payments that Nancy received pursuant to a 1969 divorce decree as periodic payments includable in her taxable income and de-

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

ductible by her ex-husband, appellee Robert White. We reverse.

## I.

Robert and Nancy White were divorced on February 28, 1969, thus ending a twenty-seven year marriage. Their divorce decree incorporated a memorandum agreement dated February 27, 1969, which provided in paragraph 5 that Robert would pay Nancy "alimony in gross" as follows:

  (a) $180,000 in 72 monthly installments of $2,500 each, not defeasible by the death or remarriage of either party; and

  (b) $2,250 per month until Nancy's death, Nancy's remarriage, or the making of 240 of such payments.[1]

Paragraph 6 provided that for purposes of the Internal Revenue Code of 1954, as amended, all payments to Nancy under paragraph 5 would be includable in Nancy's gross income and deducted from Robert's adjusted gross income "to the full extent permissible under such law or laws." In separate paragraphs of the memorandum agreement, Robert agreed to pay Nancy $100,000 as a property settlement and to pay child support.

For all tax years involved in this litigation (1969–1974 for Nancy; 1971–1974 for Robert), Robert paid Nancy a total of $4,750 per month pursuant to paragraph 5 of the agreement. Robert deducted the entire amount of the payments on his tax returns. Nancy, in turn, included in her taxable income the portion of the payments attributable to subparagraph 5(b), but not the portion attributable to subparagraph 5(a).

The Commissioner issued notices of deficiency to both Robert and Nancy in order to ensure that they would be consistent in their treatment of the subparagraph 5(a) payments. Although the Commissioner's position in this litigation is therefore that of a stakeholder, he has sided with Nancy in the Tax Court and on appeal.

The Tax Court held for Robert and against Nancy, deciding that the payments under subparagraphs 5(a) and (b) should be viewed as a "single stream" of support payments. *White v. Commissioner*, 82 T.C. 222, 231–32 (1984). Since the payments under subparagraph 5(b) extended over more than ten years, and were thus periodic, the court determined that the entire stream of payments was periodic. *Id.* at 234. The court therefore concluded that the entire amount of the payments under paragraph 5 was deductible by Robert and includable in Nancy's taxable income. *Id.*

## II.

The Internal Revenue Code provides that periodic payments made pursuant to a decree of divorce or of separate maintenance are income to the recipient, I.R.C. § 71(a), and deductible by the payor, I.R.C. § 215.[2] Section 71(c)(1) provides that installment payments discharging the obligation to pay a principal sum are not periodic payments, and thus are not income to the recipient or deductible by the payor.[3] Installment pay-

---

1. If Nancy remarries, these payments are to be reduced from $2,250 per month to $1,125 per month.

2. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the tax years at issue.

3. The relevant portions of section 71 are as follows:

  (a)(1) If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals)

received after such decree in discharge of . . . a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

  . . . . .

  (c)(1) For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

  (2) If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may

ments are deemed to be periodic for purposes of section 71(a), however, if the payments either (1) last or may last more than ten years from the date of the divorce decree, I.R.C. § 71(c)(2), or (2) are contingent upon the death of either party, the recipient's remarriage, or a change in the economic status of either party, Treas.Reg. § 1.71–1(d)(3)(i) (1984).[4]

Subparagraph 5(a) of the memorandum agreement between Robert and Nancy provides for the payment of seventy-two monthly installment payments, of $2,500 each, discharging the obligation to pay the principal sum of $180,000. Neither exception to section 71(c)(1) applies because the payments last for only six years and are not subject to any contingencies. Thus, under section 71(c)(1) of the Code, the payments made pursuant to subparagraph 5(a) are not periodic and therefore should not be includable in Nancy's taxable income or deductible by Robert.

Robert argues, however, and the Tax Court agreed, that the subparagraph 5(a) payments cannot be viewed in isolation because the payments under subparagraphs 5(a) and 5(b) are part of a single stream of support payments. Since the entire stream of payments may last longer than ten years and is partially contingent on Nancy's death or remarriage, Robert asserts that all of the payments under paragraph 5 are periodic.

█ It is well established that different types of payments made pursuant to a divorce decree should not be lumped together, but rather should be analyzed individually to determine their proper characterization for tax purposes. *See Bernstein v. Commissioner*, 622 F.2d 442, 445 (9th Cir.

1980); *Houston v. Commissioner*, 442 F.2d 40, 42 (7th Cir.1971); *Bartsch v. Commissioner*, 18 T.C. 65, 68–69 (1952), *aff'd per curiam*, 203 F.2d 715 (2d Cir.1953). The Tax Court conceded that this was the general rule, but decided that the rule did not apply in this case because the payments made under subparagraphs 5(a) and (b) of the memorandum agreement were of the same type—support payments. The Tax Court's reasoning ignores the fact that section 71 of the Code clearly contemplates two different types of support payments: periodic payments and installment payments. Other types of payments typically made pursuant to divorce decrees, child support payments and property settlements, are not covered by section 71 at all. *See* I.R.C. § 71(b) (§ 71(a) does not apply to sums fixed for the support of minor children); *Gammill v. Commissioner*, 73 T.C. 921, 926 (1980) (§ 71(a) only applies to payments made in recognition of the general obligation to support, not to property settlements), *aff'd*, 710 F.2d 607 (10th Cir. 1982).

The Tax Court cites no cases for the proposition that separate alimony obligations can be merged. Indeed, the cases that we have found compel the opposite conclusion. In *Bernstein v. Commissioner*, separate sections of the divorce decree provided for the payment of child support, alimony, and a property settlement. 622 F.2d at 443 n. 2, 445. The section providing for alimony consisted of two paragraphs. The first paragraph provided for a lump sum payment of $60,000, payable in sixty monthly installments of $1,000 each. *Id.* at 443 n. 2. These payments were not

---

be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a)....

**4.** Where payments under a decree, instrument or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of

which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions:

(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

(b) Such payments are in the nature of alimony or an allowance for support.

Treas.Reg. § 1.71–1(d)(3)(i) (1984).

defeasible. The second paragraph provided that at the end of the sixty-month period, the husband would pay the wife additional alimony in the amount of $700 per month for twelve years or until the wife died or remarried. *Id.* The husband deducted the amounts that he had paid to his ex-wife under the first paragraph, claiming that all of the alimony payments required by the decree should be examined as a single stream of payments. Since the payments under the second paragraph were subject to contingencies, he concluded that all of the alimony payments were periodic and thus deductible by him. The Tax Court rejected his argument and the Ninth Circuit affirmed, stating that

> [t]o treat payments that would be classified as installment payments if taken in isolation, as periodic merely because they precede such payments in time would add more confusion to an already adequately confused area of tax law.

*Id.* at 445. Even though the payments under both paragraphs were designated as alimony and were set off from the provisions for child support and the property settlement, therefore, the court refused to merge the two distinct types of support payments.

In *Bartsch v. Commissioner,* the Tax Court similarly refused to merge into a single stream two separate support obligations under a divorce decree. In separate paragraphs of the decree in *Bartsch,* the husband agreed to pay $500 per month until the wife died or remarried and an unconditional lump sum of $45,000 in four annual installments. 18 T.C. at 67. The court rejected the husband's argument that the decree as a whole exhibited a unified plan for the payment of alimony, reasoning that:

> The answer to this argument is that the parties themselves drew the agreement in such a way that it was not "unified" as suggested on brief. They themselves provided ... for a continuing series of monthly payments for [the wife's] support and maintenance, payments obviously "periodic" within section [71]. Then ... they specified a lump sum obligation of $45,000 payable as

there set out. The plan of payment may have been a single plan, but we do not think that requires us to press the payments under both paragraphs in the same mold when the parties themselves have differentiated them. We see nothing inconsistent in treating the monthly payments under the first paragraph as "periodic" and those under the second paragraph as "installments."

*Id.* at 68–69. *See also Fidler v. Commissioner,* 231 F.2d 138, 142 (9th Cir.1956) (refusing to treat monthly payments as entirely periodic or entirely installments when a fixed portion of the payments subject to a contingency); *Hunt v. Commissioner,* 22 T.C. 561, 565–66 (1954) (refusing to merge two separate support provisions); *Carmichael v. Commissioner,* 14 T.C. 1356, 1365–66 (1950) (refusing to merge two separate provisions for alimony).

■ In short, section 71 contemplates two distinct types of payments under its provisions—installment payments and periodic payments. It defies reason to assert that payments that are obviously installment payments and payments that are obviously periodic payments should be merged for purposes of determining whether they are periodic. We therefore reject the analysis of the Tax Court and hold that each of the two distinct types of payments in paragraph 5 of the memorandum agreement must be treated separately when considering its proper characterization under section 71. When viewed in this light, it is clear that the payments under subparagraph 5(a) are unconditional installment payments, not includable in Nancy's taxable income and not deductible by Robert.

We suspect that the Tax Court may have been influenced by the intent of the parties in this case, since paragraph 6 and the negotiations leading up to the memorandum agreement seem clearly to suggest that the parties intended for Nancy to pay the taxes on all of the payments made under paragraph 5, not just those under subparagraph 5(b). As much as we might agree with Robert on this point, we cannot change the tax laws to allocate the tax burden as the parties may have contemplated. It is not the parties' intent as to

who will bear the tax burden that is relevant to our decision, but rather their intent as to the nature of the payments to be made under paragraph 5. It is obvious from the construction of this agreement, and Robert does not contend otherwise, that the parties·intended two distinct types of support payments to be made under paragraph 5: an unconditional fixed amount for six years, and a separate monthly payment to last for up to twenty years contingent on Nancy's death or remarriage. The Internal Revenue Code explicitly treats these two types of payments differently for tax purposes, and we are accordingly bound to do likewise.[5]

### III.

■ In conclusion, the unconditional monthly installment payments under paragraph 5(a) of the parties' memorandum agreement are not periodic, and are therefore not includable in Nancy's taxable income and not deductible by Robert. The decision of the Tax Court is accordingly REVERSED.

---

**5.** Although it has no effect on our decision in this case, we note that the Deficit Reduction Act of 1984 has amended section 71 to allow the parties to decide to some extent who will bear the tax burden of alimony payments. *See* 26 U.S.C. § 71(b)(1)(B) (West Supp.1985).