HELEN L. HILGEMEIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4777–62. Filed June 9, 1964.

*Robert E. Johnson,* for the petitioner.
*George H. Becker,* for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's income tax for the calendar year 1961 in the amount of $516.49.

The only issue for decision is whether the amount of $2,000 paid by Edward H. Hilgemeier to petitioner during the year 1961 pursuant to a decree of divorce entered April 7, 1961, is includable in petitioner's income.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioner, an individual residing in Indianapolis, Ind., filed an individual income tax return for the calendar year 1961 with the district director of internal revenue at Indianapolis, Ind.

Petitioner and Edward H. Hilgemeier (hereinafter referred to as Edward) were married on January 21, 1931. They had two sons, one born in 1933 and the other in 1935.

On April 29, 1957, petitioner filed a complaint for divorce against her husband and the divorce action was submitted for trial to the Boone Circuit Court of the State of Indiana. Although in the answer which Edward filed to petitioner's complaint for divorce certain of the allegations made by petitioner were denied, at the time the case came on for trial Edward did not dispute petitioner's right to a divorce and in his brief filed in January 1961, stated that the only disputed issue before the court was the amount of alimony to which petitioner was entitled.

The divorce proceeding was tried and the evidence received in addition to oral testimony consisted of a stipulation filed December 22, 1960, agreeing to the property which Edward owned and to his income for the 6 years prior to 1960. Other than a one-third interest in a boathouse in Florida, Edward's only capital asset was 449 shares of the common stock of F. Hilgemeier and Bros., Inc. Edward was the life income beneficiary under a trust created by the will of his deceased father, but neither he nor petitioner had any interest in the corpus of the trust, the corpus, upon Edward's death and the happening of certain other events, to go to the two sons of Edward and petitioner. Edward was prohibited by the trust provisions from selling or assigning his income interest.

Edward's major sources of income during the years 1954 through 1959 had been the trust income and a salary from F. Hilgemeier and Bros., Inc. The primary argument in Edward's brief filed in the divorce proceedings centered on the value of his 449 shares of stock of F. Hilgemeier and Bros., Inc., and the proportion of his total assets to which petitioner should be entitled. In his brief, after arguing that the value of his 449 shares of stock in F. Hilgemeier and Bros.,

Inc., was substantially less than petitioner contended, he made the following suggestions concerning alimony:

Defendant [Edward] suggests no specific figure for the court's guidance, but only asks the court to bear in mind the following factors in making its award:

1. Defendant has already paid in excess of $10,000 to plaintiff in support and medical care during the period of more than three years that this action has been pending.

2. Almost any amount which plaintiff might be awarded, no matter how small, will leave her in better shape than if defendant died prior to the court's decree. Certainly, the law intends no great premium for wives who divorce their husbands before death.

Even considering the value of defendant's property to defendant, it is of little, if any, value other than as a source of a job and salary. It is questionable how long it can retain even that value. Considering its potential value to plaintiff, it is worth less and perhaps worthless.

3. However much plaintiff might like to think otherwise, defendant simply is not worth a lot of money. Unfortunately, plaintiff's efforts to make this defendant appear as a wealthy man are like Mr. Teckemeyer's mythical earnings— it would be nice if it were so, but it isn't.

In this regard, the court is respectfully requested to (a) make any lump sum payments immediately due as minimal as possible; (b) make any periodic payments ordered payable over ten years so that defendant might derive the resultant tax deduction; and (c) make any periodic payments ordered terminable either upon the remarriage of the wife or the death of either one of the parties.

4. Plaintiff should receive the household furnishings. This will help relieve the burden of dividing non-liquid assets.

It is only requested that the court consider these factors and the extreme weakness of plaintiff's value evidence in making the award it deems proper.

On January 30, 1961, petitioner filed a brief in answer to Edward's brief, replying to the arguments with respect to the value of Edward's 449 shares of stock and certain legal arguments made therein and making the following recommendations as to alimony:

1. That plaintiff [petitioner] be awarded a divorce, the household furnishings and a judgment for alimony in the amount of $85,000.00;

2. That a fair portion of the alimony judgment be ordered paid in a lump sum within such period of time as the court may specify;

3. That the defendant be permitted to pay the balance of such judgment in periodic payments of $500.00 per month, over a period of time in excess of ten years in order that he may have a Federal income tax saving of approximately $2,400.00 per year.

4. That the deferred payments be secured by a pledge of defendant's stock in F. Hilgemeier & Bros., Inc. as contemplated by the statute;

5. That the periodic payments not be ordered terminable upon the remarriage of the plaintiff or the death of either party;

6. That the court award to plaintiff's attorneys such amount as the court shall deem just and proper upon the evidence as to their services.

Edward filed a reply to petitioner's brief in answer but made no change in his suggestions as to alimony.

On April 7, 1961, the Boone Circuit Court entered a decree which recited in part as follows:

the court having heard the evidence, having considered the briefs of counsel, and being duly advised in the premises, now finds * * * that the plaintiff is entitled to a decree of absolute divorce from the defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that the bonds of matrimony existing between the plaintiff and the defendant be and the same hereby are dissolved, and that the plaintiff, Helen L. Hilgemeier, be and she hereby is granted an absolute divorce from the defendant, Edward H. Hilgemeier.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the household furniture and furnishings now in the possession of the plaintiff are hereby awarded to her.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the defendant shall pay to the plaintiff the sum of Fifty-Two Thousand Four Hundred Dollars ($52,400.00) as alimony, without relief from valuation or appraisement laws, which said sum may be paid by said defendant to the plaintiff in the amount of $2,000.00 within 10 days from the date of this decree and the balance in regular periodic payments of $350.00 per month commencing the 15th day of April, 1961, and continuing on the 15th day of each month thereafter until the entire amount of alimony is fully paid, *provided* said defendant shall first furnish security for the obligation to make such periodic payments, as follows:

The 449 shares of the common capital stock of F. Hilgemeier & Bro., Inc. owned by the defendant shall be delivered to ~~The Indiana National Bank~~ [George Hilgemeier inserted in ink] of Indianapolis, Indiana, as Trustee, endorsed in blank or accompanied by separate stock powers signed by said defendant, to be held in trust as security for the aforesaid periodic payments of alimony, and with the following powers, terms and conditions:

\* \* \* \* \* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the defendant is hereby ordered to pay to Paul J. DeVault and Russell I. Richardson the sum of $6,500.00 for their services as attorneys for the plaintiff, which said sum shall be paid within 10 days from the date of this decree.

Edward delivered a cashier's check in the amount of $2,000 dated April 14, 1961, drawn on the Indiana National Bank of Indianapolis to petitioner.

On April 15, 1961, Edward paid $350 to petitioner and thereafter made eight further payments during the year 1961 of $350 each to petitioner, making a total aggregate of the $350 payments of $3,150.

A day or two after April 14, 1961, Edward delivered his 449 shares of stock in F. Hilgemeier and Bros., Inc., to George Hilgemeier as trustee as security for his obligation to make payments to petitioner as provided in the divorce decree.

Petitioner on her income tax return for the year 1961, reported the amount of $3,150 as income from alimony.

Respondent in his notice of deficiency increased the income as reported by petitioner by the amount of $2,000 with the explanation that she had received $5,150 alimony in 1961 instead of $3,150.

OPINION

Section 71(a)(1) of the Internal Revenue Code of 1954 [1] provides that if a wife is divorced from her husband under a decree of divorce, her gross income includes periodic payments received after such decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband. Section 71(c)(1) provides that for purposes of subsection 71(a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree shall not be treated as periodic payments. Section 71(c)(2) provides that if, by the terms of the decree, the principal sum is to be paid or may be paid over a period ending more than 10 years from the date of such decree, then, notwithstanding the provisions of section 71(c)(1), "the installment payments shall be treated as periodic payments" for purposes of section 71(a) but only to the extent of 10 percent of the principal sum in any 1 taxable year of the wife.

It is petitioner's position that the $2,000 payment in the instant case was not an installment payment on the principal sum specified in the decree within the meaning of section 71(c)(2) but rather was in the nature of a property settlement separate and apart from any payments on the principal sum provided in the divorce decree. Petitioner cites and relies upon *Ralph Norton*, 16 T.C. 1216 (1951), affd. 192 F. 2d 960 (C.A. 8, 1951); *Arthur B. Baer*, 16 T.C. 1418 (1951); *William M. Haag*, 17 T.C. 55 (1951); and *Jean Cattier*, 17 T.C. 1461 (1952).

---

[1] All references are to the Internal Revenue Code of 1954, unless otherwise stated.
SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.
(a) GENERAL RULE.—
(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

\*        \*        \*        \*        \*        \*        \*

(c) PRINCIPAL SUM PAID IN INSTALLMENTS.—
(1) GENERAL RULE.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.
(2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.

None of those cases is factually similar to the instant case. In each of those cases the divorce decree or agreement incident to the divorce provided for payment of a specified sum in a lump sum or over a period of a year or less and in addition provided for payments for an indefinite period such as until the death or remarriage of the wife. None of the payments was an installment payment of a fixed amount payable over a period of more than 10 years. In each of these cases we held that the payment of the specified amount in a lump sum or over a short period was a separate provision from the provision for payments over an indefinite period. We held the payments over the indefinite period to be periodic payments includable in the wife's income and held the specified amount not to be so includable. In the instant case, in addition to the payment for petitioner's attorneys' fees, which item is not here in issue, the only payment to be made was of a specified amount.

The decree of the Boone Circuit Court provided for a payment of $52,400 as alimony and gave Edward the privilege of paying the amount by a payment of $2,000 within 10 days of the divorce decree and $350 per month commencing April 15, 1961, until the balance was paid provided he put up security for the payment. Under section 71(c) the payments here, irrespective of the terminology of periodic payments used in the divorce decree, are not periodic payments since clearly they are installment payments discharging a part of an obligation, the principal sum of which is in money specified in the decree. For this reason none of the payments would be taxable to petitioner, except for the fact that Edward is permitted by the decree to pay the specified amount over a period of over 10 years. Section 71(c)(2) under such circumstances provides that "the installment payments shall be treated as periodic payments" for the purposes of section 71(a)(1). Clearly, the initial $2,000 payment was an installment payment on the $52,400 amount specified in the decree.

There are cases holding that even though the divorce decree provides for installment payments of a specified sum, such payments are periodic payments if any contingency such as death of either party or remarriage of the wife will terminate the payments under provisions of the decree or instrument incident to the divorce or under local law. *Alton F. Lounsbury*, 37 T.C. 163 (1961), affd. 321 F. 2d 925 (C.A. 9, 1963). Neither party in the instant case suggests that these cases are applicable here since there is no provision in the decree that death or remarriage of the wife will terminate the payments and such termination of payments upon death or remarriage is not required under Indiana law, absent such a provision in the

divorce decree or instrument incident thereto. See Ind. Ann. Stat., sec. 3.1218.

Petitioner testified that it was her understanding from her attorney that she would not be required to pay tax on the $2,000 and Edward testified that it was his understanding from his accountant that he could exclude the $2,000 from his income. Edward's attorney testified that he could not remember precisely the discussions as to the tax effect which would result from the alimony payments.

Where, as here, the alimony payments were made pursuant to a court decree, it is the provisions of the decree and not any agreement or understanding of the parties which is controlling. The language of the decree is clear and nothing in the written briefs of either party to the divorce proceeding indicates that there was any issue as to method of payment of alimony because of the resultant Federal tax consequences. If any understanding between the parties as to whether petitioner was to be taxable on the $2,000 initial payment would have any probative value, petitioner has failed to prove that any understanding in this regard existed.

The only case to which our attention has been called which involves an issue similar to that involved here is *Marcia S. Buck* v. *United States*, an unreported case (D. Kan. 1963, 11 A.F.T.R. 2d 1133, 63–1 U.S.T.C. par. 9407). In that case the court sustained the Government's motion for a directed verdict stating:

The Court is of the opinion that the judgment of the Sedgwick County Court represented by the Decree of Divorce, a judgment of which is in the file of the case now before this Court, is clear and unambiguous and that under its terms and provisions the sum of $40,000 was awarded to Marcia S. Buck and was required to be paid in periodic payments, the first payment being in the amount of $2,500, which was to be due on or before July 13, 1957, and the remaining $37,500 was ordered paid in 125 successive monthly installments of $300 each.

Whether the instant case is, as respondent contends, "almost identical" to the situation involved in *Marcia S. Buck* v. *United States*, *supra*, is not clear because of the limited facts set forth in the court's opinion in that case. Nevertheless, we are of the opinion that it is clear in the instant case that the $2,000 was an installment payment of a principal sum specified in the decree of the Boone Circuit Court. Under section 71(c)(2) this payment is required to be treated as a periodic payment includable in petitioner's income, since when the $2,000 amount is added to the other payments made during the year 1961 by Edward to petitioner, the total does not exceed 10 percent of the principal amount of $52,400 specified as the alimony payment in the decree.

*Decision will be entered for respondent.*