R. William Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 6406-70 SC.
United States Tax Court
T.C. Memo 1971-132; 1971 Tax Ct. Memo LEXIS 196; 30 T.C.M. (CCH) 580; T.C.M. (RIA) 71132; June 9, 1971, Filed. R. William Johnson, pro se, 105 S. Seneca Rd., Oak Ridge, Tenn. David E. Mills and John M. Wylie, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $201.18 in petitioner's Federal income tax for the year 1968. Respondent has conceded a minor adjustment in petitioner's *197 taxable income. The only issue for decision is whether fees paid by petitioner at three times during 1968 to the attorney who represented his former wife in a divorce proceeding are deductible by petitioner as alimony under section 215, Internal Revenue Code of 1954. [1]
Findings of Fact Most of the facts have been stipulated and are so found. R. William Johnson (herein called petitioner) was a legal resident of Oak Ridge, Tennessee, when he filed his petition in this case. His individual Federal income tax return for the year 1968 was filed with the district director of internal revenue at Nashville, Tennessee. On page 2 of petitioner's 1968 Federal income tax return, under the heading "Miscellaneous Deductions," a deduction of $3,660 was claimed. Beside that amount the words "Alimony to Joanne Johnson" were written. Of the $3,660, $750 of such amount represented the sum petitioner paid to the attorney of his former wife. The $750 payment consisted of a $250 payment on May 29, 1968, and a $500 payment made on September 26, 1968. On January 3, 1968, petitioner *198 and Joanne Wagner Gates Johnson (herein called Joanne) entered into a Separation Agreement. On January 16, 1968, petitioner filed a petition in the Trial Justice Court of Anderson County, Tennessee (herein called the "divorce court"), seeking a divorce from his wife, Joanne. On February 14, 1968, a final decree of divorce was entered in that proceeding. On May 15, 1968, the divorce court entered an "Agreed Order" setting aside the decree of divorce of February 14, 1968, and awarding Joanne's attorney a fee of $150 for services rendered to her which were ordered to be paid by petitioner. The Order provided, in pertinent part, as follows: It is therefore, ORDERED, ADJUDGED and DECREED by the Court that the Petition for Setting Aside a Decree be and the same is approved. That the Final Decree of Divorce previously entered in this cause be dismissed and held for naught. It is further ORDERED, ADJUDGED and DECREED by the Court that the petitioner's solicitor shall be and the same is hereby awarded a reasonable attorney fee in the amount of $150.00. On May 22, 1968, the divorce court entered an "Order for Payment of Alimony Pendente Lite," and again awarded Joanne's attorney a *199 fee of $100, which petitioner was directed to pay. The pertinent provision of such Order is set forth below: It is further ORDERED, ADJUDGED and DECREED by the Court that complainant's attorney of record, Harry Lillard, be awarded a fee of One Hundred Dollars ($100.00) for his services to date. The original action filed by petitioner and the later action filed by Joanne were consolidated by the divorce court on June 25, 1968. On August 14, 1968, the divorce court entered a final decree of divorce awarding Joanne's attorney an additional fee of $500. The pertinent provision of such decree is set forth below: 581 It is, therefore, ORDERED, ADJUDGED and DECREED by the Court: * * * 9. The defendant, Joanne Wagner Gates Johnson, is awarded the sum of $500.00 as alimony for services of her attorney, Harry Lillard, not including the amount paid by the defendant earlier, and the complainant and cross-defendant, Robert William Johnson, is ordered to pay the cost of this cause for all of which execution may issue. Petitioner paid the $150, $100 and $500 in 1968 and deducted the total amount paid as alimony for the support of his wife in that year. Respondent disallowed the claimed *200 deduction. Opinion The applicable provisions of the Internal Revenue Code of 1954 are section 71(a)(1) [2] and section 215(a). [3]
*201 Petitioner contends, first, that the payments of fees to his former wife's attorney "should be considered as income to the wife because the evidence shows they were maintenance payments." This contention lacks merit because, unlike the medical insurance premiums allowed by respondent, the payments were made for the "services" of the attorney and were not in the nature of support or livelihood (i.e., maintenance) for Joanne. Secondly, he argues that the payments to Joanne's attorney were "periodic" within the meaning of section 71(a)(1), and therefore deductible under section 215(a). To the contrary, respondent argues that they were not "periodic payments" under the statute. We agree with the respondent. Section 71 does not define what is meant by "periodic payments." But several court decisions indicate that "periodic payments" include (1) payments to be made in a fixed amount for an indefinite period or (2) payments to be made in an indefinite amount for a fixed or indefinite period. See Arthur B. Baer, 16 T.C. 1418, 1422 (1951), affirmed on the attorneys fees issue 196 F. 2d 646, 649 (C.A. 8, 1952); Ralph Norton, 16 T.C. 1216 (1951), affirmed *202 192 F. 2d 960 (C.A. 8, 1951); F. Ewing Glasgow, 21 T.C. 211, 218 (1953); and Jean Cattier, 17 T.C. 1461 (1952). The payments made by petitioner to his former wife's attorney do not meet either of these requirements and do not qualify as "periodic payments" within the meaning of section 71(a)(1). Each was a lump-sum, nonrecurring payment to cover legal fees for Joanne's attorney. As this Court said in F. Ewing Glasgow, supra at 218, an amount paid by a husband to cover a wife's attorney fee in a divorce proceeding is a "lump-sum payment for a definite nonrecurring purpose, and is not income to her and not, therefore deductible by the husband." Accordingly, we hold that the petitioner is not entitled to deduct as alimony the amounts he paid to Joanne's attorney in 1968. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
3. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.↩