John S. GAMMILL and Betty Milliren, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

John S. GAMMILL, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Marjorie J. GAMMILL, Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

Nos. 80–1589, 80–1590 and 80–1614.

United States Court of Appeals, Tenth Circuit.

Aug. 3, 1982.

Rehearing Denied in Nos. 80–1589 and 80–1590 July 28, 1983.

Gene A. Castleberry, Oklahoma City, Okl., for appellants John S. Gammill and Betty Milliren.

George F. Saunders, Oklahoma City, Okl., for appellee Marjorie J. Gammill.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C. (Michael L. Paup, Jonathan S. Cohen, Anthony Ilardi, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., with him on the brief), for appellant C. I. R.

Before HOLLOWAY, DOYLE and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This appeal grows out of a divorce action in Oklahoma in which the parties were John S. Gammill and the respondent, Marjorie Gammill, the former wife of John Gammill. Involved are alleged deficiencies in income taxes for the years 1971 and 1972 amounting to $9,416.98 for John Gammill and a deficiency in 1973 of $6,253.00 for John Gammill and Betty Milliren, the latter being the second wife of John. A third case, which is being appealed, involves a deficiency assessed against Marjorie J. Gammill of $13,157.50. These deficiencies grew out of a dispute which arose recently over a series of payments made by John to Marjorie in accordance with the divorce decree. The case turns on whether the payments made were alimony or were installments in a property settlement. In effect the Commissioner is a neutral person in the case because if John Gammill prevails Marjorie would be taxed on the payments in question, 26 U.S.C. § 71(o), and appellants would be entitled to a deduction, 26 U.S.C. § 215. On the other hand, if it is determined that this was a property settlement rather than an award of alimony, the payments are neither taxable nor deductible to or by either party. The reason is that John treated these payments as alimony and claimed deductions. He was required, however, to pay back the income deduction which he claimed as a result of treating the payments as alimony.

The Tax Court held that the payments were part of a property settlement agreement and did not constitute alimony. Therefore, John Gammill and Betty Milliren were ordered to pay the deficiency for the disallowed deductions that they had taken and Marjorie Gammill was relieved of the obligation to include in her taxable income the amounts that she had received or which will be received in the future.

On November 5, 1970 John and Marjorie Gammill were granted a divorce decree in the district court for Oklahoma County, Oklahoma. At the time of their marriage in 1946 neither party had any separate property of any substantial value. Through the years they accumulated substantial assets. John held in his name 942,294 shares of Reserve National Insurance Co., a corporation which he had formed in 1956. He held title to the office building that Reserve National occupied. Other property included a home, stocks and bonds, art objects, a brokerage valued at $50,000 and personal items. The valuation put on the estate by Marjorie's attorney was $811,261. Marjorie had not been employed outside the home. Her contribution to the marriage was that of homemaker and mother to their sons. At the time of the divorce the parties entered into a contract titled as a "Property Settlement Agreement" in contemplation of the divorce. Under this agreement Marjorie received a total of $417,000, which was roughly one-half of the value of the estate as determined by her attorney. This agreement was incorporated into the divorce decree. The decree contained language which indicated its nature and character. It provided for the payment by John of $250,000 to Marjorie. Marjorie Gammill was granted a judgment in the amount of $250,000 to be payable at the defendant's option without interest in equal monthly installments of $1,041.47 for a period of 240 months with the right of prepayment. The judgment was secured by a lien against 300,000 shares of stock of the defendant in Reserve National Insurance Company. This represented only a portion of the stock in the insurance company owned by the defendant. John was allowed to withdraw the security,

that is the stock, that was deposited if he prepaid the judgment debt. Further security was a $60,000 term insurance policy that provided that the provisions of the property settlement contract and any other provisions of said property settlement contract which might be held to be unenforceable as a judgment, should be and remain a binding and enforceable contractual agreement.

Another provision declared that should John die during the period of the agreement, that the entire debt would be due and owing at once. Also the same would be true if he was in default more than thirty days and, thus, she had a property interest in the estate. Also included was a provision that the property settlement would inure to the benefit of the heirs, executors, devisees, trustees and assigns of each party. This proviso would pertain to the premature death of John and the obligations of his estate to pay the remaining amount of principal to Marjorie or her estate.

In the judgment below the Tax Court concluded that the payments required over a period of twenty years were intended to be a property settlement and not a form of alimony or support. The Tax Court reached this conclusion based on numerous facts in the record. The relevant language from the decree labeled it as property and assets set over to Marjorie Gammill. The phrase "as a part of" is revealing since the original language used was "in addition to"; the final phrase was a correction by interlineation initialed by both parties and the Oklahoma state judge. The property settlement agreement treats this lump sum as a "further division of property and not as alimony." There can be little dispute about this language. This together with the other provisions make it most difficult for John to deny that this was intended to be a property division when he agreed to the fact of property division in the contract itself. *See Bardwell v. Commission*, 318 F.2d 786, 789 (10th Cir. 1963).

The Tax Court looked to the substantive character of the agreement and the property involved in light of Oklahoma Statute Title 12 subsection (*b*) of § 1289, which allows the divorce court to designate in the decree the dollar amount of any periodic alimony payments which are for support. The reason for this is the support payments are to cease upon the death of the recipient. Also the decree is to state that support ends with remarriage of the recipient, unless a showing of need is made for its continuation. The absence of the statutorily required language in the Gammill's divorce decree in order for the payments to be regarded as alimony is very significant.

## THE BURDEN OF APPELLANTS—THE APPLICABLE LAW

In reviewing the judgment of the Tax Court we are, of course, subject to the clearly erroneous standard of review. The determination that payments on the $250,000 principal sum are a part of a property settlement and not a matter of support is a question of fact. *Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Riley v. Commissioner*, 649 F.2d 768 (10th Cir. 1981). It is necessary therefore for this court to look at the circumstances in order to ascertain the intention of the parties. *See United States v. Davis*, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 355 (1962); *Hayutin v. Commissioner*, 508 F.2d 462 (10th Cir. 1975). However, the federal tax consequences of payments labeled as support or as division of property are not determined under state law. *Bardwell v. Commissioner, supra*, declares "it is clear that one of the purposes intended by Congress in initially enacting [26 U.S.C. § 71(a)(1)] was that there be uniformity of treatment for situations arising in the several states."

An examination of § 71 of the Internal Revenue Code suggests that subsection (a) provides that where payments are (1) "periodic," and (2) arise out of family or marital obligation to support, they are includible in the taxable income of the recipient. Trea.Reg. § 1.71–1(b)(4) (1982). John Gammill's payments were and are periodic as they extend over a period of ten years. § 71(c)(2). The issue here is whether these payments are being made to satisfy his

support obligation. In *Riley v. Commissioner*, 649 F.2d 768, 722 (10th Cir. 1981) this court set forth five factors, other than the intent of the parties, as guides for determination of the nature of the payments. Where (1) there is a fixed sum, (2) the payments are not related to the obligor's income, (3) the payments are to continue regardless of the obligee's death or remarriage, (4) the obligee gave consideration for the payments, and (5) the obligor has put up security to insure payment, it is to be regarded as part of a property settlement.

■ It is our conclusion from an examination of the record before us, including the divorce decree and the property settlement agreement that the parties structured the payment of this sum of money into a property settlement. All five factors which this court has considered important are present in the case before us.

The argument of the appellants, John and his second wife, Betty, is that Marjorie Gammill had no property interest under Oklahoma law which was susceptible to vesting upon divorce and, therefore, regardless of language used in structuring the payments, they can only be for support. We have mentioned that federal tax liability is not to be determined according to state law, *Bardwell, supra*, but even so there is no conflict here between our result and the decisions and statutes of the State of Oklahoma. The court there has approved the property settlement between the Gammills. This court concurs in its characterization. The Oklahoma Court has said that each spouse has a vested interest in the jointly acquired property of the marital estate in accordance with Okla.Stat.Tit. 12 § 1278. This statute just mentioned makes provisions for a division of property which has accumulated during the period of the marriage; that which is acquired by the parties jointly regardless of whether the title is subject to division between the parties as may appear just and reasonable by division of the property in kind or by setting the value of the property and dividing it accordingly. Should the court find that such divorce should be granted on account

of fault or aggression of the wife, it provides that the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper. Okla.Stat.Tit. 12 § 1278.

Even though Oklahoma is not a community property state, it does recognize the equity of the wife in property which has accumulated during the continuance of the marriage and allows appropriate division to be made. The wife's interest in jointly acquired property vests on the pendency of the divorce. *Sanditen v. Sanditen*, 496 P.2d 365 (Okl.1972). Where there is a property division, the wife's share "does not necessarily derive from participation in the business world as distinguished from domestic activities." *Durfee v. Durfee*, 465 P.2d 161, 165 (Okl.1969). It has to be concluded, therefore, that under Oklahoma law the property in question was a property settlement.

■ In the Tax Court John Gammill maintained as a final point that if the periodic payments were determined to be part of a property settlement, then since they did not include interest, such interest should be imputed to Marjorie under I.R.C. § 483 and John should receive a deduction for such imputed interest. The Tax Court rejected this argument and we also reject it. Pursuant to § 483, a taxpayer is required to impute taxable interest to himself when in "any contract for sale or exchange of property" an instrument of indebtedness is taken by the seller on an installment sale which charges interest on the debt below the rate set by Treasury Regulations. Gammill would have us conclude that the installment payments of the Gammill's property settlement fall within the language of § 483(a), which circumscribes the scope of the section to include any contract for sale or exchange of property. This we are unable to do.

In the case of *Fox v. United States*, 510 F.2d 1330 (3rd Cir. 1975) it was held that Congress did not intend § 483 to apply to a divorce settlement. It was further stated that §§ 71 and 215 were the only provisions

in the code which undertake to determine tax consequences of payments incidental to divorce and separation. We do not reconsider the construction given to this section by the Third Circuit. Our conclusion is that Congress had no intention that § 483 should apply to periodic payments incident to a divorce. Thus we concur with the reasoning of the Third Circuit.

In accordance with the reasons which we have set out above we hold that the Tax Court, 73 T.C. 921, in this case was correct in its judgment. It should be and is hereby affirmed.