DAVID R. DORN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorn v. Commissioner
Docket No. 12205-82.
United States Tax Court
T.C. Memo 1983-605; 1983 Tax Ct. Memo LEXIS 178; 46 T.C.M. (CCH) 1545; T.C.M. (RIA) 83605; September 27, 1983. Jerome M. Dachman, for the petitioner. James V. Moroney, for the respondent. HAMBLEN
MEMORANDUM *180 FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $734.00 in petitioner's 1979 Federal income tax. After concessions, the issues for decision are: (1) whether amounts paid by petitioner to his former wife pursuant to a decree of divorce are properly deductible by him under section 215(a) [1]; and (2) whether certain transportation costs incurred by petitioners are properly deductible under section 213(a) as medical expenses, as defined in section 213(d). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Woodmere, Ohio, when he timely filed his individual 1979 Federal income tax return and when he filed his petition in this case. (1) Facts as to Payments to Former Wife
Petitioner was married to Joan R. Dorn (hereinafter "Mrs. Dorn") for 22 years until May 2, 1978. On that date, the couple was divorced in the Court *181 of Common Pleas, Division of Domestic Relations, of Cuyahoga County, Ohio, pursuant to a judgment of divorce which was journalized on May 26, 1978. Petitioner and Mrs. Dorn did not execute any written settlement agreement. However, the basic terms of their agreement are embodied in a transcript entitled "Settlement Agreement" (hereinafter "agreement"). This agreement was incorporated in the judgment of divorce, which stated: The court further finds that the parties have in open court entered into a Separation [sic.] Agreement resolving all issues of alimony, support, division of property and the like, which agreement each party acknowledged to be in accordance with his or her understanding and wishes. Each party thereafter acknowledged to the Referee in open court that the same constituted their full agreement. A copy of the transcript of said agreement announced to the Referee in open court is attached hereto * * *. The court finds that said agreement between the parties * * * is fair, just and equitable and should be incorporated herein as if fully rewritten and its terms ordered into execution. The agreement provided for the division of various assets, including a *182 house, bank accounts, two automobiles, household goods and effects, a potential insurance claim, and anticipated income tax refunds. Thereafter, the agreement went on to state: Let the record further show that as and for further division and full and complete satisfaction of the wife's claim for alimony, the husband shall pay to the wife the sum of $100 per week -- (Thereupon, a discussion was had off the record.) $100 per week commencing, Friday, May 5, 1978 and continuing weekly, thereafter, for a period of one year and upon the conclusion of that one year period, an amount equal to $50 per week for an additional period of three years. Pursuant to these terms, petitioner paid a total of $3,400.00 to Mrs. Dorn during 1979. He continued to make payments as required throughout 1980 and 1981, until Mrs. Dorn's death on December 7, 1981. Mrs. Dorn did not report any income as a result of payments received from petitioner on her Federal income tax returns for the entire payment period, including the year in issue. However, petitioner deducted $3,400.00 on his 1979 return as "alimony paid". Respondent disallowed this deduction on the theory that the disputed payments were *183 not periodic as required for deduction under section 215(a), as defined in related section 71(a). However, petitioner asserts that these payments are to be treated as periodic under the exception provided by section 1.71-1(d)(3)(i), Income Tax Regs., for payments subject to specified contingencies. Although no contingencies were included in the agreement, petitioner asserts that they were intended. Furthermore, petitioner argues that Ohio law automatically supplies the necessary contingencies in any event. (2) Facts as to Medical Expenses
Petitioner and Mrs. Dorn were the parents of two children, both of whom suffered physical and mental problems related to alcoholism. Both children were emancipated adults, and neither was claimed as a dependent on petitioner's 1979 Federal income tax return. However, under the terms of the agreement, petitioner assumed a limited responsibility for contribution to the children's care. The agreement provided: Let the record show that by agreement of these parties that the husband agrees, for a period of five years to pay--to be responsible for the hospitalization and medical expenses for said children of the parties or either of them. *184 * * * So that there is no misunderstanding, with respect to the provision for medical care of the children, the medical care of the children, heretofore discussed on this record, the obligation of the husband is limited to the hospitalization cost, to wit, Blue Cross Blue Shield costs and not general medical expenses of the children. During 1979, both children resided in halfway houses in Ohio, petitioner's son being located in Lorain and petitioner's daughter being located in Akron. Petitioner traveled between these two locations to visit his children, motivated both by his personal desire to see them and by their doctors' advice as to the beneficial impacts of paternal visits. Petitioner claimed $2,943.74 [2] as medical expenses on his 1979 return, including monies paid for the children's treatment at halfway houses and for his travel expenses related thereto. In his notice of deficiency, respondent disallowed the medical expense deduction to the extent that expenses were not substantiated. He also recomputed the permissible deduction to reflect petitioner's corrected adjusted gross income. *185 OPINION (1) Opinion as to Payments to Former Wife
The deductibility of payments under section 215(a) [3] is determined by reference to section 71(a). To be deductible by a husband, payments must be correspondingly includable in the gross income of a wife. As set forth in section 71(a)(1), the general rule for includability of payments received pursuant to a decree of divorce or separate maintenance is: If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. *186 The applicability of section 71(a)(1) is not contested by the parties to this case insofar as the requirements of a decree and a legal obligation are concerned. However, the requirements of periodicity and the nature of the payments are in dispute. Under the general rule of section 71(c)(1), installment payments discharging a principal sum obligation are not treated as periodic payments. See also sec. 1.71-1(d)(1), Income Tax Regs. Classification as a principal sum obligation does not require that a specific total be set forth in the decree. Rather, a principal sum obligation exists where the amount can be determined from the terms of the decree. See Kent v. Commissioner,61 T.C. 133 (1973); see also sec. 1.71-1(d)(3)(ii)(b), Income Tax Regs. In the case before us, the requirement that petitioner make payments of $100.00 weekly for one year (i.e., $5,200.00) followed by payments of $50.00 weekly for three years (i.e., $7,800.00) leads to the conclusion that petitioner was obligated to pay a principal sum of $13,000.00. Therefore, petitioner's payments cannot be classified as periodic under section 71(c)(1). Section 71(c)(2) provides a statutory exception *187 to the general rule of section 71(c)(1). Subject to limitations contained therein, section 71(c)(2) permits installment payments of a principal sum obligation to be treated as periodic payments if the period for payment extends more than ten years beyond the date of the decree. Since the payment period in the case before us extends only four years beyond the date of the decree, payments made by petitioner are not eligible for section 71(c)(2) treatment. In addition to the statutory exception to the general treatment of installment payments of a principal sum obligation, section 1.71-1(d)(3)(i), Income Tax Regs., provides a further possibility for treatment of such payments as periodic. Thus, petitioner may nonetheless be entitled to his claimed deduction if he meets the requirements of this regulation. The regulation provides that, if the period for payment of installment payments of a principal sum obligation extends for ten years or less from the date of the decree, such payments may be treated as periodic for purposes of section 71(a) if the following two conditions are met: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage *188 of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. Turning first to the requirement that the payments be subject to one or more of the specified contingencies, we note that petitioner's unilateral termination of payments following Mrs. Dorn's death is not determinative of his legal obligation to continue such payments. The agreement between petitioner and Mrs. Dorn attaches no contingencies to petitioner's payment obligations. However, the regulations make clear that contingencies need not be set forth in the terms of the decree, instrument, or agreement, but may instead be imposed by local law. Sec. 1.71-1(d)(3)(ii)(a), Income Tax Regs. The local law relevant here is embodied in the decision of the Ohio Supreme Court in Wolfe v. Wolfe,[4]46 Ohio St.2d 399, 350 N.E.2d 413 (1976). As explained therein, Ohio law provides that contingencies will be implied in a decree only if the trial court retains jurisdiction to modify an award of payments under the decree. The court delineated the circumstances under which this occurs: [W]here an alimony award is for support only, *189 is for an indefinite amount, and where there is no property settlement, or if there is such a settlement, the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree irrespective that such support order is based upon an agreement of the parties. Wolfe v. Wolfe,supra, 350 N.E.2d at 414. *190 The award of payments to Mrs. Dorn by the decree did not meet any of these requirements. The amount was definite, as it was fixed at $13,000.00. A property settlement did exist in the form of the agreement. The support award was not independent of the property settlement, but rather the agreement was incorporated into the decree. Finally, the award was not for support only, but included elements of a property settlement. Petitioner has argued that his payments to Mrs. Dorn were for support only. Although even a finding in his favor on this issue would be insufficient to sustain him where the requirements of Ohio law are concurrent, nor alternative, we shall address this argument. Determination of whether payments are for spousal support (as opposed to property settlements or some other purpose) requires examination of surrounding facts and circumstances. Gammill v. Commissioner,73 T.C. 921 (1980), affd. 710 F.2d 607, (10th Cir., 1982); Jackson v. Commissioner,54 T.C. 125 (1970); Lambros v. Commissioner,459 F.2d 69 (6th Cir. 1972), affg. a Memorandum Opinion of this Court. The labels assigned either by *191 the parties or the court are not determinative. Gammill v. Commissioner,supra;Thompson v. Commissioner,50 T.C. 522 (1968); Bardwell v. Commissioner,38 T.C. 84 (1962), affd. 318 F.2d 786 (10th Cir. 1963).
Petitioner bears the burden of proving entitlement to his claimed deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.However, he has offered no evidence from which we might determine the nature of his payments to Mrs. Dorn. Instead, he has relied upon the language of the agreement itself and upon his own testimony, together with unsworn statements of his attorney, as to the parties' intentions during settlement negotiations. It is true that the agreement made specific division of various property items. This division, however, does not preclude the possibility that other terms of the agreement are also concerned with the distribution of property between petitioner and Mrs. Dorn. In fact, the language of the agreement suggests this was the case. After dividing the major property assets, the agreement states that monthly payments are *192 to be made "* * * for further division and full and complete satisfaction of the wife's claim for alimony * * *." At best, (from petitioner's viewpoint), the conjunctive use of "and" implies that the payments reflect a property element in addition to a support element. At worst, the award of money to Mrs. Dorn in "satisfaction" of a "claim" can be viewed as part of the property settlement. We note that payments were not characterized as "for alimony", but rather as satisfaction of the "claim for alimony." In this regard, Mrs. Dorn's claim for alimony is no different than her other claims, e.g., for insurance proceeds or for tax refunds, which were satisfied in the undisputed property settlement portion of the agreement. Under either grammatical analysis, petitioner's assertion that the contested payments were solely for support does not comport with the language of the agreement. Nor can we accept petitioner's argument that the statements of his attorney and him establish the nature of the payments. Mrs. Dorn's own treatment of the payments contradicts these statements. During the entire payment period, including the taxable year in issue, Mrs. Dorn did not report any payments *193 as "alimony received" on her Federal income tax returns. We have reason, therefore, to doubt the unproven assertion of intent and agreement between the parties. Under these circumstances, petitioner has failed to prove that the payments were solely in the nature of support payments. For the reasons discussed above, we hold that payments by petitioner do not meet the Ohio law requirements for implication of contingencies. Therefore, the requirement of section 1.71-1(d)(3)(i)(a), Income Tax Regs., is not satisfied, and petitioner is not within this regulatory exception. [5]
Where petitioner is within neither the regulatory exception of section 1.71-1(d)(3)(i), Income Tax Regs., nor the statutory exception *194 of section 71(c)(2), the general rule of section 71(c)(1) applies, preventing the payments from being treated as periodic for purposes of section 71(a). As a result, we hold that payments by petitioner to Mrs. Dorn do not qualify for deduction by him under section 215(a). (2) Opinion as to Medical Expenses
Within specified limits, [6] section 213(a) allows a deduction for expenses paid for medical care of a taxpayer, spouse, and dependents, not compensated for by insurance or otherwise. Section 213(d)(1)(B) defines permitted expenses to include amounts paid "* * * for transportation primarily for and essential to medical care [as defined] * * *." The burden of proving entitlement to a deduction rests on the taxpayer. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore, petitioner must prove both the amount of the transportation expense and the essential connection between his transportation costs and the children's medical care. *195 He must also prove the amount of halfway house expenses which are included in his claimed deduction.He has failed to do so. Petitioner has testified as to distances traveled and frequency of trips. However, he has provided no information from which the costs of any trips can be calculated. Petitioner has also offered his own testimony as to the recommendation of parental visits by his children's doctors. However, no expert testimony or documentary evidence support petitioner's medical conclusions. Nor has petitioner offered any proof of the expenses related to the halfway houses. Under these circumstances, petitioner has failed to substantiate his claimed deduction for medical expense. Furthermore, even substantiation of the disputed travel expenses and halfway house costs would not entitle petitioner to a deduction under section 213(a). Section 213(a) limits deductible expenses to those paid for medical care of "* * * the taxpayer, his spouse, and dependents (as defined in section 152) * * *." Section 152(a)(1) includes a taxpayer's child as a dependent only when more than one-half of that child's support during the taxable year is received, or treated as received, from *196 the taxpayer. Petitioner has offered no evidence to suggest he furnished the requisite level of support for his children during the taxable year in issue. To the contrary, the record shows that both children were emancipated adults, and that petitioner did not claim either child as a dependent on his 1979 Federal income tax return. The settlement agreement between petitioner and Mrs. Dorn requires only that petitioner bear the limited obligation of furnishing hospitalization insurance for the children. The agreement specifically seeks to avoid "misunderstanding" by stating that petitioner's obligation "* * * is limited to the hospitalization cost, to wit, Blue Cross Blue Shield costs and not general medical expenses of the children." We conclude that petitioner's children were not dependents of petitioner as required by section 213(a). Therefore, petitioner is not entitled to any deduction for expenses paid for the children's medical care. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. This figure constitutes the total claimed expenses before application of the floor of 3 percent of adjusted gross income provided by section 213(a). The actual resulting deduction taken by petitioner was $2,725.31.↩
3. Section 215(a) provides in relevant part: "GENERAL RULE--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *"↩
4. Petitioner has challenged the authority of Wolfe v. Wolfe,46 Ohio St.2d 399, 350 N.E.2d 413 (1976), and has suggested that the case has been reconsidered in two subsequent cases, Cherry v. Cherry,66 Ohio St.2d 348, 421 N.E.2d 1293 (1981), and Berish v. Berish,69 Ohio St.2d 318, 432 N.E.2d 183 (1982). Petitioner's reliance on these cases is misplaced. In Cherry v. Cherry,supra, the court considered certain language in Wolfe which had been erroneously interpreted as creating either a presumption in favor or a mandatory requirement of equal division of property between divorcing spouses. Cherry v. Cherry,supra,421 N.E.2d at 1297. The court clarified the language as having "* * * not meant to restrict the broad discretion of the trial court in determining an equitable property division * * *." Cherry v. Cherry,supra,421 N.E.2d at 1299. In Berish v. Berish,supra, the court's opinion did not even mention Wolfe, but the concurring opinion encouraged the court to "* * * avail itself of the opportunity in the near future to recant and recuse the language of Wolfe, opining that a separation agreement is merged within the divorce decree * * *. Berish v. Berish,supra,432 N.E.2d at 186. Both Cherry and Berish concerned the division of property rights between divorcing spouses, a matter discussed by the court in Wolfe only as prefatory explanation to the issue of that case. Neither Cherry nor Berish is relevant to Wolfe insofar as Wolfe relates to a trial court's retained discretion to modify awards of support↩ payments.
5. We note that petitioner's failure to establish that his payments to Mrs. Dorn were for support also prevents him from satisfying the requirement of section 1.71-1(d)(3)(i)(b), Income Tax Regs., i.e., that payments be in the nature of alimony or an allowance for support. However, petitioner having failed to qualify under section 1.71-1(d)(3)(i)(a), Income Tax Regs., consideration of the additional requirement of section 1.71-1(d)(3)(i)(b), Income Tax Regs.↩, is unnecessary.
6. For the taxable year in issue, qualified medical expenses were deductible under section 213(a) to the extent they exceeded 3 percent of a taxpayer's adjusted gross income.↩