JOSEPH H. HANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hans v. Commissioner
Docket No. 8767-79.
United States Tax Court
T.C. Memo 1984-412; 1984 Tax Ct. Memo LEXIS 257; 48 T.C.M. (CCH) 766; T.C.M. (RIA) 84412; August 6, 1984. Joseph H. Hans, pro se. Eugene P. Bogner, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $39,081.90 deficiency in petitioner's 1975 Federal income tax. After concessions, the issues for decision are: (1) Whether petitioner incurred a $70,000 theft loss during *258 1975 for funds allegedly stolen from him by his former wife, or in the alternative whether petitioner may claim the $70,000 amount as an alimony deduction pursuant to section 215; [1] and (2) whether petitioner is entitled to deductions for travel, entertainment, home office expense, bad checks, charitable contributions, and for depreciation in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Columbus, Ohio, when he filed his petition in this case. Petitioner timely filed his 1975 Federal income tax return with the Internal Revenue Service Center, Covington, Kentucky. On February 17, 1967, petitioner married Sally Hartlerode (hereinafter Sally). The subsequent dissolution of this marriage led to the events upon which petitioner claimed to have sustained a $70,000 theft loss or alimony deduction. During 1972, petitioner became acquainted with Bill Swad who owned an automobile dealership and the Hamilton Acceptance Corporation, a finance company. During 1972, 1973, and 1974, petitioner and Sally *259 loaned Hamilton Acceptance Corporation a total of $110,000, the first $22,000 from funds belonging to Sally, and the remaining $88,000 from funds belonging to petitioner. Petitioner had knowledge of and consented to the transfer of all of the $110,000 to Swad. Between December 1973 and September 1974, Swad executed six promissory notes evidencing the $110,000 borrowed from petitioner and Sally. The first promissory note dated December 24, 1973, contained no named payee, but the remaining five promissory notes were made payable to Sally Hartlerode. Sally was the designated payee on these notes because at the time these notes were executed, petitioner owed taxes of approximately $50,000 to $60,000 for prior taxable years and he wanted to conceal this money from the Internal Revenue Service. At some time prior to February 1975, Sally left petitioner, taking $28,000 of petitioner's cash and the $110,000 in promissory notes. On February 11, 1975, petitioner and Sally were divorced. Petitioner and Sally did not execute any written property settlement prior to their divorce. The Judgment Entry decreeing their divorce, entered by the Court of Common Pleas, Franklin County, Ohio, provides *260 in pertinent part that Sally "hereby is awarded [petitioner's] interest in all the real and personal property presently in her name and in her possession." Sally married Swad during May 1977. Prior to their marriage petitioner filed a $3,000,000 alienation of affection suit against Swad which was decided in Swad's favor. On his 1975 Federal income tax return, petitioner claimed a $70,000 [2] theft loss attributable to the notes which Sally took from their residence prior to their divorce. Petitioner also claimed the following deductions which respondent disallowed in their entirety: Deduction
Amount
Travel
$1,665
Entertainment
2,968
Home Office Expense
606
Bad Checks
524
Charitable Contributions
600
In addition, respondent disallowed $140 of depreciation expense claimed by petitioner. During February, 1981, petitioner's office and all records contained therein were destroyed by fire. OPINION The first issue for decision is whether petitioner is entitled to a $70,000 theft loss, or in the alternative, whether petitioner is entitled to a *261 $70,000 deduction for alimony under section 215. Petitioner maintains that Sally and Swad conspired to induce petitioner to transfer money to Swad with the intent to defraud petitioner of the money. Petitioner further maintains that Sally misled him into believing they would be remarried if he agreed to the divorce under which Sally was granted ownership of all of petitioner's property in her possession and in her name. Petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner has presented no credible evidence to prove that he was defrauded by Sally with respect to either the cash transfer to Swad or the divorce decree. The loans to Hamilton Acceptance Corporation were made at petitioner's direction beginning in 1972, several years before the divorce. Moreover, at trial petitioner testified that he and Sally lived in marital harmony through 1974 and Sally testified that she had no plans to divorce petitioner at the time the loans were made. Petitioner's failure to win the alienation of affection suit filed against Mr. Swad is circumstantial evidence that there was no hidden relationship between Sally and Mr. Swad prior to Sally's *262 divorce from petitioner. Under the circumstances, we find that petitioner has not shown that he was defrauded by Sally with respect to either the cash transfers to Hamilton Acceptance Corporation or the divorce. Accordingly, the terms of the divorce decree legally transferred to Sally any of petitioner's interest in the $110,000 of promissory notes [3] and he is not entitled to the claimed theft loss deduction. Petitioner alternatively claims that the alleged $70,000 loss should be allowed as an alimony deduction. Under section 215, alimony payments are deductible by the husband only if they are taxable income to the wife under section 71. Section 71(a)(1) provides that the wife's gross income includes payments which are (1) periodic; (2) received after a divorce decree in discharge of a legal obligation imposed on the husband because of the marital relationship; and (3) imposed on the husband under the divorce decree. Sally's receipt of *263 the $110,000 in promissory notes does not qualify as alimony because she received them before the divorce decree. Moreover, the lump-sum award of all of petitioner's property which was in her name and possession is more in the nature of a property division that is not subject to the provisions of section 71. Gammill v. Commissioner,73 T.C. 921, 926 (1980), affd. 710 F. 2d 607 (10th Cir. 1982); Thompson v. Commissioner,50 T.C. 522, 525 (1968). Sec. 71(c)(1); sec. 1.71-1(d), Income Tax Regs. Accordingly, the $110,000 notes are not income to Sally nor are they deductible by petitioner under section 215. The next issue for decision is whether petitioner is entitled to the claimed expenses for travel, entertainment, home office, bad checks, depreciation, and charitable contributions. The notice of deficiency is presumptively correct and petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has presented no evidence to sustain any of the deductions claimed on his return and therefore has failed to meet his burden of proof. Moreover, travel and entertainment expenses must be substantiated *264 pursuant to section 274 and the regulations thereunder. When records are destroyed, as petitioner asserts occurred in this case, section 1.274-5(c)(5), Income Tax Regs., allows a taxpayer to substantiate expenses by a "reasonable reconstruction" of his expenditures. A "reasonable reconstruction" generally requires testimony bearing on costs, dates, places, purpose, and names of recipients of or witnesses to such expenditures. See Gizzi v. Commissioner,65 T.C. 342, 346 (1975). Petitioner has made no effort to provide us with a reasonable reconstruction of these expenses. Accordingly, we sustain respondent's determination. To reflect the foregoing. Decision will be entered
under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The manner in which petitioner calculated the $70,000 theft loss was not explained in the record.↩
3. While the first promissory note contained no named payee, we find that this note evidences the money which Sally lent to Hamilton Acceptance Corporation, and therefore belonged to Sally, because the initial transfer came from her money.↩