RONALD J. DeMARCO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LINDA K. DeMARCO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Marco v. Commissioner
Docket Nos. 37867-86; 39868-86.
United States Tax Court
T.C. Memo 1988-124; 1988 Tax Ct. Memo LEXIS 153; 55 T.C.M. (CCH) 443; T.C.M. (RIA) 88124; March 22, 1988. Clyde D. Evans, Jr. for petitioner Ronald J. DeMarco. William F. Steiner, for petitioner Linda K. DeMarco. Richard S. Bloom, for the respondent. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION GALLOWAY, Special Trial Judge: These cases were assigned pursuant to the provisions of section 7456 (d) of the Internal Revenue Code (redesignated section 7443A (b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-415, 100 Stat. 2755), and Rules 180, 181, and 182. [1]
These cases were consolidated for trial, briefing and opinion. Respondent determined the following deficiencies in petitioners' Federal income *155 taxes: Taxpayer
Docket No.
Year
Deficiency
Ronald J. DeMarco
37867-86
1982
$  1,454
1983
1,373
Linda K. DeMarco
39868-86
1982
444
1983
345
After concessions, the sole issue for decision is whether alimony payments received by Linda DeMarco from her former husband, Ronald DeMarco, are includable in her gross income under section 71 (a) and are therefore deductible by him pursuant to section 215 (a). Some of the facts have been stipulated and are found accordingly. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners Linda DeMarco and Ronald DeMarco resided in Lyndhurst, Ohio, and Middlefield, Ohio, respectively, when they filed their petitions in this case. Petitioners timely filed individual income tax returns for the years in issue with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioners were married on May 6, 1977, and one child was born of this marriage. On June 8, 1982, the couple was divorced in the Court of Common Pleas, Geauga County, Ohio, pursuant to a "judgment entry" (judgment or decree). The judgment was divided into four sections: (1) *156 divorce; (2) custody, support and visitation of one child; (3) division of property; and (4) alimony. Specific to the issue herein, the judgment decreed that Linda DeMarco was entitled to "periodic alimony" from Ronald DeMarco. The provision in the judgment providing such alimony stated: That the husband pay the wife as and for alimony the sum of One Hundred Dollars ($ 100.00) per week plus two percent (2%) poundage through the Geauga County Bureau of Support for a period of One Hundred Four (104) weeks beginning June 21, 1982. Pursuant to the above terms, Mr. DeMarco paid Mrs. DeMarco a total of $ 2,800 and $ 5,200 in 1982 and 1983, respectively. The husband deducted these amounts from his gross income, claiming them as alimony on his 1982 and 1983 income tax returns. [2] He also included in his alimony deductions, poundage paid to the Geauga County Bureau of Support in 1982 and 1983. Mrs. DeMarco did not include in income any of the alimony payments received from her former husband on her Federal income tax returns for the years in issue. *157 In his brief and at trial, respondent asserted that he was a mere stakeholder with respect to the alimony payments. Respondent took the position, however, that the poundage paid to the Geauga County Bureau of Support is not deductible by Mr. DeMarco. Opinion Section 215 (a) allows a husband a deduction for amounts includable under section 71 in the gross income of his wife. Section 71 (a) (1) provides the general rule for the includability of payments received pursuant to a decree of divorce or separate maintenance. It states, in relevant part: If a wife is divorced * * * from her husband under a decree of divorce * * * the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. The parties agree that the requirements of a decree and a legal obligation are satisfied here. The issue on which they disagree is whether *158 the amounts paid to Mrs. DeMarco qualify as periodic payments. Initially, we note that the state court's use of the term "periodic alimony" in the divorce decree is not conclusive in determining whether the payments are periodic. See Gammill v. Commissioner,73 T.C. 921, 926 (1980), affd. 710 F.2d 607 (10th Cir. 1982); Thompson v. Commissioner,50 T.C. 522, 525 (1968); Bardwell v. Commissioner,38 T.C. 84, 89-90 (1962), affd. 318 F.2d 786 (10th Cir. 1963). Further, Mr. Demarco has the burden of proving that he is entitled to deductions for the alimony paid to Mrs. DeMarco. Welch v. Helvering,290 U.S. 111 (1933); Rule 142 (a). Section 71 (c) (1) provides that installment payments discharging a principal sum obligation are not treated as periodic payments. We have held that a principal sum obligation exists not only where the decree explicitly states the total amount payable, but also where the total amount may be calculated from the terms of the decree. Kent v. Commissioner,61 T.C. 133, 136 (1973); see also section 1.71-1 (d) (3) (ii) (b), Income Tax Regs. It is apparent *159 that the total alimony payable in this instance, $ 10,400.00 ($ 100 per week for 104 weeks), was readily calculable from the terms of the judgment. Therefore, the payments cannot be classified as periodic under section 71 (c) (1). Section 71 (c) (2) provides an exception to the principal sum obligation rule of section 71 (c) (1). Subject to certain limitations contained therein, section 71 (c) (2) permits installment payments to be treated as periodic payments if the period of payment extends more than 10 years beyond the date of the decree. Since the payment period in this case extended only two years beyond the date of the decree, payments made by Mr. DeMarco are not eligible for section 71 (c) (2) treatment. Section 1.71 (d) (3) (i), Income Tax Regs., provides a further exception, in addition to those set forth in section 71 (c), to the general rule that installment payments of a principal sum obligation are not periodic payments, and stated that installment payments of a principal sum obligation paid over a period of 10 years or less from the date of the decree are considered periodic payments if: (a) Such payments are subject to any one or more of the contingencies of *160 death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. The decree in this case did not provide any explicit contingency. However, section 1.71-1 (d) (3) (ii) (a), Incoome Tax Regs., states that the required contingencies can be supplied by local law. The relevant local law to which we must refer is that of the State of Ohio. [3] See Kent v. Commissioner, supra at 138. In Wolfe v. Wolfe,46 Ohio St. 2d 399, 350 N.E.2d 413 (1976), the Ohio Supreme Court stated that contingencies will be implied in a divorce decree only if the trial court retains jurisdiction to modify an award of payments under the decree. Wolfe held that a trial court retains such jurisdiction: Where an alimony award is for support only, is for an indefinite amount, and where there is no property settlement, or if there is such a settlement, the support award is independent thereof, the jurisdiction of the court to modify will be implied in the decree irrespective that such support order is based upon an agreement of the parties. [Wolfe v. Wolfe, supra at 414.] *161 The above language indicates that the requirements are concurrent; each requirement must be met for there to be implied contingencies in a divorce decree under Ohio law. While we find that Mrs. DeMarco's alimony was for her support and was independent of the property settlement, it is undeniable that the alimony awarded to her was for a definite amount. See infra. Consequently, under Wolfe there were no implied contingencies in the judgment. Mr. DeMarco further contends that under Ohio law his alimony obligation would have ceased had he died within the two-year payment period and that this fact supplies the necessary contingency. However, case law in Ohio indicates that the wife has a valid claim against her husband's estate for the unpaid balance of the alimony should he die before the end of the payment period. See DeMilo v. Watson,166 Ohio St. 433, N.E.2d 707 (1957). As a result of the foregoing, we must conclude that there were no implied contingencies in the decree affecting Mr. DeMarco's obligation to pay alimony to his former wife. The *162 payments made to Mrs. DeMarco thus do not qualify as periodic and consequently are not includable in her gross income under section 71 (a). They are therefore not deductible by Mr. DeMarco under section 215. As a final matter, it is clear that amounts paid to the Geauga County Bureau of Support as poundage do not qualify as deductible alimony since those amounts were not received by the wife. Sec. 71 (a) (1). Respondent's determination that poundage is not deductible by Mr. DeMarco is sustained. Because of concessions, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court of Practice and Procedure unless otherwise provided.↩
2. As part of his 1982 alimony deduction, Ronald DeMarco included temporary support paid to Linda DeMarco and payment of certain of her medical expenses in 1982. The parties have stipulated that these amounts are deductible by Mr. DeMarco and includable in Mrs. DeMarco's gross income in 1982.↩
3. See Dorn v. Commissioner,T.C. Memo 1983-605↩, for a case involving similar facts.