RICHARD L. TEMPLETON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Templeton v. Commissioner
Docket No. 23275-89
United States Tax Court
T.C. Memo 1991-117; 1991 Tax Ct. Memo LEXIS 130; 61 T.C.M. (CCH) 2173; T.C.M. (RIA) 91117; March 18, 1991, Filed *130 Decision will be entered for the respondent.
Richard L. Templeton, pro se. David Cohen, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,628.00 in petitioner's Federal income tax for the year 1985. The only issue presented for decision is whether petitioner is entitled to a deduction under section 215 for an $ 11,477.24 payment made to his former wife pursuant to a divorce decree, and if so, whether such amount is deductible in 1985. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided in Fort Lauderdale, Florida, at the time he filed his petition. Richard *131 L. Templeton (petitioner) and Mary Ann McEachern Templeton (Mary) were married February 26, 1957, in Portsmouth, Virginia. The marriage lasted 23 years and the couple had four children. During the course of their marriage, petitioner and Mary acquired two properties owned as tenants by the entirety. The couple purchased, in 1974, a single-family residence at 2912 Evergreen Court in Chesapeake, Virginia (the Evergreen property). Additionally, in 1976, they purchased a condominium unit on Nettles Island in St. Lucie County, Florida (St. Lucie property). On February 15, 1979, petitioner and Mary separated. Mary filed for a divorce and a trial was held on May 30, 1980, in the Circuit Court of the City of Chesapeake, Virginia (the Circuit Court). The Decree A Vinculo Matrimonii, issued by the Circuit Court on May 30, 1980, in pertinent part, ordered petitioner to: pay to the complainant, Mary Ann McEachern Templeton, as spousal support the sum of Three Hundred ($ 300.00) Dollars per month each and every month until further Order of this Court, said payments to begin 1 June 1980, and, in addition to the monthly spousal support, the defendant pay to the complainant a lump sum *132 of Ten Thousand ($ 10,000.00) Dollars, all of which shall be docketed; * * *
The decree further ordered petitioner to pay Mary's attorney fees, which amounted to $ 1,250.00, and the entire cost of the court proceedings. The Circuit Court made no specific findings pertaining to the division of property between the former spouses. Following the divorce, petitioner and Mary became undivided one-half interest holders in the Evergreen and St. Lucie properties. They held the properties as joint tenants in common. Petitioner continued to reside at the Evergreen property until October 1980. He appealed the Circuit Court's divorce decree. On June 12, 1980, petitioner executed a deed of trust conveying an undivided one-half interest in the Evergreen property to Ms. Lee M. Fox (Fox), as trustee, to secure a preexisting debt of $ 15,000.00 owed by petitioner to Fox. The parties agreed that the conveyance resulted in an equitable mortgage. On June 17, 1980, Fox recorded the mortgage in Chesapeake. On June 16, 1980, petitioner obtained a loan in the amount of $ 27,250.00 from Citizens Trust Bank (Citizens) in Chesapeake. Petitioner secured the loan by conveying, in a deed of trust, *133 his undivided one-half interest in the Evergreen property to trustees for Citizens. The loan proceeds were used to repay an outstanding unsecured Citizens' bank loan and to pay the divorce decree's determination of previous support and attorney's fees. On June 18, 1980, Mary's attorney released the divorce decree's judgment which included the $ 10,000.00 lump sum payment. Petitioner, however, continued to owe Mary the $ 10,000.00 required by the divorce decree. By deed of bargain and sale recorded on August 13, 1980, petitioner conveyed to Fox his undivided one-half interest in the Evergreen property to satisfy the $ 15,000.00 equitable mortgage. On October 22, 1980, the Virginia Supreme Court denied petitioner's appeal of the divorce. On that date, pursuant to a motion, the Circuit Court ordered the reinstatement of Mary's erroneously released $ 10,000.00 judgment. In November 1980, Mary filed in the Circuit Court a bill of complaint against petitioner, Fox, Citizens, and Citizens' trustees. She prayed for a determination of the validity and priorities of the liens on the Evergreen property, cancellation of petitioner's bargain and sale to Fox, and partition and sale of the *134 Evergreen property. The court referred the action to a commissioner in chancery who determined on September 16, 1981, that (1) petitioner had the right to convey or encumber his undivided one-half interest in the Evergreen property, (2) Mary's undivided one-half interest was free of liens, (3) Mary's $ 10,000.00 judgment was senior to Citizens' lien and Fox's equitable mortgage, (4) Fox's mortgage was subordinate to Citizens' lien, and (5) Fox's title in the Evergreen property remained subject to both the judgment and the lien. The Circuit Court affirmed the commissioner's determination and entered a final decree in February 1982. In the decree, the court ordered the judicial sale of the Evergreen property and payment of Mary's $ 10,000.00 judgment. Between February and April 1982, the Circuit Court appointed two special commissioners, Edward W. Wolcott and John E. Pappas, to sell the Evergreen property and place the proceeds into an interest bearing account. On April 12, 1982, Special Commissioners Wolcott and Pappas issued a check to Mary for $ 11,477.24. That $ 11,477.24 amount consisted of $ 10,000.00 to discharge petitioner's legal obligation to Mary plus $ 1,477.24 accrued *135 interest. Fox appealed the Circuit Court's determination of the priority of Mary's $ 10,000.00 judgment. On April 26, 1985, the Virginia Supreme Court affirmed the Circuit Court's decision. On his 1985 Federal income tax return, petitioner claimed an $ 11,477.24 alimony deduction. Respondent, in his statutory notice of deficiency, disallowed the deduction on the grounds that petitioner's payment of $ 11,477.24 to Mary did not constitute alimony and that it was not paid in 1985. Respondent's determination is presumed to be correct. Petitioner bears the burden of proving respondent erred in his determination. Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Section 215 allows a divorced husband to deduct payments that he makes to his former wife during the taxable year and that are includable in her gross income under section 71. Section 71(a) [2] provides, in pertinent part, that: "If a wife is divorced * * * under a decree of divorce * * *, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation * * * imposed on * * * the husband under *136 the decree." (Emphasis added.) Section 71(a) applies only to periodic payments made because of the family or marital relationship in recognition of the husband's obligation of support contained in the divorce decree. Sec. 1.71-1(b)(4), Income Tax Regs.
Petitioner argues that the payment made *137 pursuant to the divorce decree was in the nature of support and therefore deductible by him under section 215. He bases his position on the fact that the parties and courts have referred to the $ 10,000.00 as "support." But the fact that the payment in question may have been labeled "support" is not determinative. It is well settled that the determination of whether payments are in the nature of support or part of a property settlement does not necessarily turn on the labels assigned by the state court, in the divorce decree, or by the parties in their agreement. Hesse v. Commissioner, 60 T.C. 685, 691 (1973), affd. by order 511 F.2d 1393 (3d Cir. 1975); Beard v. Commissioner, 77 T.C. 1275, 1283-1284 (1981). While state law controls the creation of property rights, Federal law controls the tax consequences. Schottenstein v. Commissioner, 75 T.C. 451, 462 (1980). In his brief filed in this case, respondent argues that the payment made pursuant to the May 30, 1980, divorce decree was not a periodic payment within the language of section 71 and thus not a deductible alimony payment under section 215. For *138 the reasons that follow, we agree with respondent. The word "periodic" is to be taken in its ordinary meaning and excludes a payment made in a lump sum. Norton v. Commissioner, 16 T.C. 1216, 1218 (1951), affd. 192 F.2d 960 (8th Cir. 1951). The Circuit Court in its decree made two distinct awards in favor of Mary. Petitioner was obligated to make (1) payments of $ 300.00 per month for her support, and (2) a payment of $ 10,000, which the court specifically identified in the decree as a lump sum payment. He paid $ 10,000.00 plus $ 1,477.24 interest in one payment, which fully discharged his obligation. In numerous cases, this Court has held that where a lump sum payment has been ordered in addition to monthly payments, the lump sum payment is not periodic. Norton v. Commissioner, supra;Hardy v. Commissioner, 59 T.C. 857 (1973); Nemetz v. Commissioner, T.C. Memo 1983-676; Collins v. Commissioner, T.C. Memo 1979-508. Therefore, the $ 11,477.24 lump sum payment made by petitioner did not constitute a periodic payment under section 71. For that reason, the payment is *139 not deductible by petitioner under section 215. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 71 was amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, and was further amended by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085. The 1984 amendments generally apply to divorce or separation instruments executed after December 31, 1984 (Deficit Reduction Act of 1984, sec. 422(e)(1), Pub. L. 98-389, 98 Stat. 494, 798); similarly, the 1986 amendments generally apply to instruments executed after December 31, 1986 (Tax Reform Act of 1986, sec. 1843(c)(2)(A), Pub. L. 99-514, 100 Stat. 2085, 2854). Because the judgment in this case was entered by the Circuit Court prior to the effective dates of those acts, neither the 1984 amendments nor the 1986 amendments apply in this case.↩